Marsh v. Backus.

*A. Mathews,* for the plaintiff.

*J. Anthon,* for the defendant.

[NEW-YORK GENERAL TERM, October 3, 1853.   *Edmonds, Edwards, Mitchell, Roosevelt* and *Morris,* Justices.]

———————

MARSH and FREAR *vs.* BACKUS and others.

Where plaintiffs in an *attachment* direct the sheriff to take property which does not belong to the defendant in the attachment, they thereby render themselves liable, in an action in the nature of replevin.

The rule is the same as that which prevails in respect to a taking of property under an *execution.*

THIS was an appeal by the plaintiffs from a judgment entered at a special term, dismissing the complaint, as to the defendants

Backus and Osborne, with costs. The action, which was in the nature of replevin, was brought against Carnley, sheriff of the city and county of New-York, and Backus and Osborne, the plaintiffs in the attachment upon which the property in question was seized.

*Geo. Bowman,* for the plaintiffs.

*Barnard & Parsons,* for the defendants.

*By the Court,* EDWARDS, J. This action is brought for the recovery of the possession of personal property. The complaint alleges that certain articles of merchandise, which are specifically described, were obtained from the plaintiffs by one Roberts, upon false and fraudulent representations, and that after they had been so obtained, they were seized and taken by the defendant Carnley, who was then sheriff of the city and county of New-York, under color of process of attachment issued against the property of Roberts, on the ground that he was a non resident debtor; and that they were so seized and taken by and under the direction of the other defendants; and that by and under their direction they were held and detained by Carnley. The complaint further alleges, in substance, that no title to the property ever vested in Roberts, but that on the contrary, the plaintiffs, both at the time of the levy under the attachment, and at the time of the commencement of this action, were the owners thereof, and they pray judgment accordingly.

The defendants Backus and Osborne do not deny the allegation in the complaint, that the property was taken by the sheriff, and has been held and detained by him under their directions; and upon the trial it was admitted that the sheriff had been indemnified by the other defendants for taking the property. The justice before whom the cause was tried dismissed the complaint as to the defendants Backus and Osborne; and the jury found a verdict against the other defendants.

The complaint, although it does not in terms allege that the property was seized and detained by the defendants Backus and

Marsh *v.* Backus.

Osborne as well as the other defendant, states facts which show that they were so seized and detained, and which, under the old system of pleading, would have sustained an allegation to that effect. The question then arises, and it is the only question in the case, whether the defendants Backus and Osborne, who were the plaintiffs in the attachment, could render themselves liable in this action by directing the sheriff to take property which did not belong to the defendant in the attachment.

It was long since held in this state, that replevin will lie against a plaintiff in an execution, by whose directions it is levied upon the property of a person other than the defendant. (*Allen* v. *Crary,* 10 *Wend.* 349. *Acker* v. *Campbell,* 23 *Id.* 372.) The reason is, that as regards the property of a third person, the sheriff acts without authority or color of authority. He is a wrongdoer, and if he acts by the direction of the plaintiff, both are trespassers. In such a case, the property taken is not in the custody of the law as regards the real owner. It is in the custody of the law only as between the plaintiff and the defendant in the execution. This is fully explained in the case of *Clark* v. *Skinner,* (20 *John.* 467 ; *see also Dunham* v. *Wyckoff,* 3 *Wend.* 280.) The question then presents itself, whether there is any difference between the taking under an attachment, like that which was issued in this case, and the taking under an execution. In both cases the property is taken into the possession of the sheriff, to be held by him ; in the former case, as security for the satisfaction of such judgment as the plaintiff may recover, and in the latter, to be sold for the satisfaction of a judgment which has already been recovered. The ground of the sheriff's liability is the unlawful taking and detaining. In each case he acts without authority, and if, in so doing, he acts by the direction of the plaintiff in the suit, the principal is equally guilty with the agent.

Judgment reversed, and a new trial granted. Costs to abide the event.

[NEW-YORK GENERAL TERM, October 3, 1853. *Edmonds, Edwards, Mitchell, Roosevelt* and *Morris,* Justices.]