[No. 1173.]

## GEORGE S. ELDER, RESPONDENT, *v.* FRED. A. FREVERT, ET AL., APPELLANTS.

SEIZURE OF PROPERTY EXEMPT FROM EXECUTION—LIABILITY OF EXECUTION CREDITOR—PARTIES TO ACTION OF TRESPASS.—An execution creditor, under whose direction a levy is unlawfully made, is liable and may be sued with the sheriff in an action to recover damages for the trespass.

IDEM—JUDGMENT—COUNTER CLAIM.—In an action against a judgment creditor for the unlawful seizure of property exempt from execution, the defendant cannot set up the judgment, under which the seizure was made, as a counter claim to the action.

IDEM—FORMER JUDGMENT—EVIDENCE OF, ADMISSIBLE TO SHOW CHARACTER OF PROPERTY:—*Held*, that the judgment roll in the prior suit of the judgment debtor against the sheriff, the judgment creditors having controlled the proceedings in that action, was admissible in evidence to show the character of the property and was conclusive upon that issue.

IDEM—MEASURE OF DAMAGES FOR DETENTION OF PROPERTY.—The measure of damages for the detention of two horses and a wagon, exempt from execution, is the value of the use of the property during the period of detention.

IDEM—DETENTION OF PROPERTY AFTER JUDGMENT—DAMAGES FOR.—The judgment in the former action, against the sheriff, was rendered November 20, 1880. It was satisfied in full April 14, 1882: *Held*, that the satisfaction of that judgment is no bar to an action to recover damages for the detention of the property during the period of time between the rendition of the former judgment and its satisfaction; that the detention of the property during this time was a new trespass and the damages a fresh cause of action.

APPEAL from the District Court of the Second Judicial District, Ormsby County.

The facts sufficiently appear in the opinion.

*R. M. Clarke*, for Appellants :

This action will not lie against defendants Frevert, Wagner and Boles because they were in no sense wrong-doers. They were neither severally nor jointly guilty with Williams of any trespass or tort against Elder. When Elder took the property under his bond in replevin and Williams procured its re-delivery upon his re-delivery bond, his possession was no longer wrongful but lawful, and his possession under the replevin bond was a new possession, for which Frevert, Wagner and Boles are in no degree responsible. Thereafter the remedy of Elder was against Williams and the sureties upon his re-delivery bond.

II. There can be no recovery against the defendants, or either of them in this action, because the judgment of *Elder* v. *Williams* was on the fourteenth of April, 1882, fully satisfied. That judgment was for one thousand four

hundred and fifty-one dollars and seventy-five cents, and interest thereon at ten per cent. per annum from November 22, 1880, until paid, and included the value of the team. The satisfaction of the judgment in full extinguished it in all its parts, both principal and interest. The interest is the legal damage which the law assesses for the delay in payment. This damage the satisfaction of the judgment clearly and conclusively proves has been paid. The time for which this damage was paid covers the exact period for which damage is claimed in this suit, and if plaintiff prevails he will have been twice paid. There can be but one rule of damages for the delay, and this the law and the judgment of the court fixes at ten per cent. per annum on the amount recovered.

III. The property was not a team within the purview of the statute and was not exempt from execution. It was never used as a team and is not suitable for such. But granting the team exempt, the earnings of the team or the value of its use, or the damages recovered for its detention, are not exempt. It is the specific thing which the law exempts, and not the profits or earnings which the use of the exempt thing produces.

IV. If at one time the property was exempt, it lost the character of exempt property by the judicial proceedings instituted. When Elder elected to bring his action of " claim and delivery " and invoked the remedy and principles of law belonging to that action, he subjected himself to all the consequences that would legally follow, and among them to the delivery of the property to Williams under a re-delivery bond. Thereafter Williams was entitled to hold the property and the bond which he gave was substituted for it. His possession became lawful, and Elder's right of possession was no longer absolute. His new right was to have the property if he recovered judgment, or its value in money, at the option of Williams, and when Williams sold the property under judicial process and delivered it to Frevert, Frevert became the owner and Elder's right was cut off. The judicial sale and replevin proceeding put the title

out of Elder and into the purchaser, and Elder could no longer claim its use. The law deprived him of the possession and title, and he thereafter had only such remedies as the law granted.

V. It was error to admit the record and decision in *Elder* v. *Williams*, either to establish estoppel against appellants or to prove the exempt character of the property in question. Appellants were not parties to the former record, nor were they otherwise so connected with that suit as to be concluded by its judgment. To have made that judgment *res judicata* as to them they should have had notice requiring them to defend. (*Dalton* v. *Bowker*, 8 Nev. 199.)

*Trenmor Coffin*, for Respondent :

I. Damages sued for, or money recovered for a trespass by levy upon property exempt from execution, is not subject to attachment or set-off. The privilege of exemption extends to money recovered in a suit for a trespass against exempt property. (*Duff* v. *Wells*, 7 Heisk. 17 ; *Puett* v. *Beard*, 86 Ind. 172 ; *Leavitt* v. *Metcalf*, 2 Vt. 342 ; *Stebbins* v. *Peeler*, 29 Vt. 289 ; *Hall* v. *Penney*, 11 Wend. 44 ; *Wilson* v. *McElroy*, 32 Pa. St. 85 ; Thompson on Homesteads and Ex. secs. 731, 734, 745, 748, 749, 750, 780, 893, 894, and authorities cited ; *Andrews* v. *Rowan*, 28 How. Pr. 126 ; *Hudson* v. *Plets*, 11 Paige 184 ; *Keyes* v. *Rines*, 37 Vt. 263–4 ; *Mitchell* v. *Milhoan*, 11 Kan. 617 ; *Houghton* v. *Lee*, 50 Cal. 101 ; *Cooney* v. *Cooney*, 65 Barb. 525 ; *Tillotson* v. *Walcott*, 48 N. Y. 189 ; *Smith* v. *Stewart*, 13 Nev. 67 ; *Cobbs* v. *Coleman*, 14 Tex. 594 ; *Brackett* v. *Watkins*, 21 Wend. 68 ; *Kuntz* v. *Kinney*, 33 Wis. 513 ; *Cox* v. *Cook*, 46 Ga. 302 ; *Wade* v. *Weslow*, 62 Ga. 562 ; *Johnson* v. *Franklin*, 63 Ga. 378 ; *Washburn* v. *Goodheart*, 88 Ill. 231.)

II. This is an action to recover damages for a trespass, and the offset and counter claim set up by defendants is a money judgment recovered upon contract, and in any event not a proper offset under our practice in this action. (Civ. Pr. Act, sec. 47 ; 1 Comp. Laws, 1110.)

II. The satisfaction of the judgment of November 20, 1880, did not extinguish the cause of action sued on in the suit. That judgment was for the return of the property and for damages for detention which had accrued up to that time. (*Elder* v. *Williams*, 16 Nev. 416.) The detention of the exempt team of Elder was a continuing trespass, and successive suits might be maintained for damages so long as the detention continued. (Civ. Pr. Act, sec. 501; 1 Comp. Laws, 1562; Freeman on Judg. sec. 241; *Leland* v. *Marsh*, 16 Mass. 389.) Defendants in replevin are liable for the value of the use of property during the time execution is stayed by an appeal. (*Hall* v. *Edrington*, 8 B. Monroe 47; Laws of Ky., 1839-40, 173, sec. 2; *Williams* v. *Phelps*, 16 Wis. 81.)

III. Parol evidence may always be given to show what issues are embraced by a judgment, and to show that parties not on record were the real parties in interest, and when the showing is made the real parties are bound by the judgment. (Freeman on Judg. secs. 175, 273; *Tarlton* v. *Johnson*, 25 Ala. 310; Bigelow on Es. 46; *Stoddard* v. *Thompson*, 31 Iowa 80; *Collins* v. *Mitchell*, 5 Fla. 371; *Rapely* v. *Prince*, 4 Hill 122; 1 Greenl. Ev. 522, 523; *Key* v. *Dent*, 14 Md. 86; *Robbins* v. *The City of Chicago*, 4 Wall. 657; *Calhoun* v. *Dunning*, 4 Dall. 120.)

IV. An attaching creditor who advises and directs an unlawful levy and indemnifies the sheriff against loss and damage resulting from such levy, makes himself a joint trespasser with the sheriff as to all that is done with the property afterwards, and if he has control of the defense in a suit brought against the sheriff to recover the property he is bound by the judgment as fully as if he were a party defendant on the record. The sheriff is his agent, and he —the attaching creditor—is the real party in interest. (Bigelow on Es. 61, 65, 68; Freeman on Judg. secs. 179, 184; *Lovejoy* v. *Murray*, 3 Wall. 1; *Murray* v. *Lovejoy*, 2 Cliff. 200; *Stoddard* v. *Thompson*, 31 Iowa 82; *Robbins* v. *The City of Chicago*, 4 Wall. 658; *Miller* v. *Rhodes*, 20 Ohio St. 494; *Emery* v. *Fowler*, 39 Me. 328; *Glass*

v. *Nichols,* 35 Me. 328 ; 1 Greenl. on Ev. secs. 523–24 ; *Castle* v. *Noyes,* 14 N. Y. 329 ; *Eaton* v. *Cooper,* 29 Vt. 444 ; *Carpenter* v. *Pier,* 30 Vt. 81 ; *Peterson* v. *Lothrop,* 34 Pa. St. 223 ; *Hancock* v. *Welch,* 1 Stark. (N. P.) 347 ; *Farnsworth* v. *Arnold,* 3 Sneed 252 ; *Kent* v. *Hudson R. R. Co.* 22 Barb. 278 ; *Calhoun* v. *Dunning,* 4 Dall. 120 ; *Kip* v. *Brigham,* 6 Johns. 158 ; *Calkins* v. *Allerton,* 3 Barb. 173 ; *Warfield* v. *Davis,* 14 B. Mon. 42 ; *Tarlton* v. *Johnson,* 25 Ala. 310 ; *Train* v. *Gold,* 5 Pick. 380 ; *Rapely* v. *Prince,* 4 Hill 122.)

V. In actions of replevin or claim and delivery the measure of damages for the detention of property is the value of the use of the property, where it has *a usable value.* (*Allen* v. *Fox,* 51 N. Y. 562 ; Sedg. Meas. Dam. 650 ; *McGavock* v. *Chamberlain,* 20 Ill. 219 ; *Yandle* v. *Kingsbury,* 17 Kan. 195 ; *Ladd* v. *Brewer,* 17 Kan. 204 ; *Bell* v. *Campbell,* 17 Kan. 211 ; *Williams* v. *Phelps,* 16 Wis. 81 ; *Brewster* v. *Silliman,* 38 N. Y. 429 ; *Suydam* v. *Jenkins,* 3 Sand. 614 ; *Clapp* v. *Walters,* 2 Tex. 130 ; *Dorsey* v. *Gassaway,* 2 H. & J. (Md.) 413 ; *Butler* v. *Mehrling,* 15 Ill. 488 ; *Hudson* v. *Young,* 25 Ala. 376.)

VI. In the former suit of *Elder* v. *Williams* it was not at defendant's option to keep the property and satisfy the judgment by paying its value, if it was in his power to return the property. The property is still in the possession of defendant, and had he refused to surrender it and had tendered the value as found by the jury, plaintiff might have refused to accept the value and had execution issued for the return of the specific property. The judgment was for a *return* of the property *if a return could be had.* The judgment for the value would be in force only after it was ascertained by the sheriff that a return of the articles *could not be had.* (1 Comp. Laws, 1263, 1273 ; *Lambert* v. *McFarland,* 2 Nev. 59 ; *Curson* v. *Applegarth,* 6 Nev. 189 ; *Buckley* v. *Buckley,* 12 Nev. 429 ; *Cummings* v. *Stewart,* 42 Cal. 231 ; *Wetmore* v. *People,* 2 West Coast Rep. 885 ; *Fitzhugh* v. *Wiman,* 9 N. Y. 562 ; Wells on Replevin, secs. 543, 545, 772-4, and other authorities cited.)

By the Court, BELKNAP, J.:

Elder recovered judgment against defendant Williams, as sheriff, for the recovery of a wagon and two horses exempt from execution, together with damages for their detention. The cause was appealed, and the judgment of the district court affirmed. Pending the appeal, Williams retained the possession of the property. The present action was brought for the recovery of damages for the detention during the period of time intermediate the rendition of the former judgment and the return of the property. The property was taken and held by defendant Williams at the instance of Frevert, Wagner and Boles, under process of attachment issued in actions severally commenced by them against Elder. Appellants claim that this action will not lie against the defendants other than Williams, because they are not guilty of trespass against the property of plaintiff. It has long been settled that an execution creditor, under whose direction a levy is unlawfully made, is liable, and may be sued with the sheriff in an action for the trespass. In such cases both are wrong-doers. (*Marsh* v. *Backus*, 16 Barb. 483; *Allen* v. *Crary*, 10 Wend. 349; *Acker* v. *Campbell*, 23 Wend. 372; *Flewster* v. *Royle*, 1 Camp. 187.) In the actions commenced by Frevert, Wagner and Boles, judgments were recovered against Elder. These judgments were pleaded by way of counter-claim to this action. The defense was disallowed. One of appellants' exceptions involves the ruling upon this point.

The statute exempts two horses and their wagon for the purpose of enabling the debtor to earn a living. The plaintiff has been deprived of the means of earning a living by the use of his team by the wrongful detention for five hundred and one days. If the judgment recovered for this detention can be applied to the payment of the debts of the claimant, the benefits intended by the exemption laws would be unavailing to the debtor. The law must be construed so as to protect him in the possession and use of his team, as well as in the property itself. This must be done by hold-

ing the judgment recovered for damages for the conversion not subject to counter-claim. At the trial the district court admitted in evidence the judgment roll and statement on motion for new trial in the case of *Elder* v. *Williams,* 16 Nev. 416. A general objection was made to the introduction of this evidence. If it was admissible for any purpose the objection is ineffectual. Parol evidence was first introduced for the purpose of establishing the interest of the defendants in the subject-matter of the litigation, and to show that they controlled the proceedings of the former suit. They were then parties to the litigation within the principle that they were concluded by the former judgment. Among the issues determined by that judgment was that of the character of the property. This was an issue in the present case, and the former judgment was conclusive evidence upon that issue, and admissible for this reason. It is unnecessary to consider the admissibility of the records further, because the other facts were established by other testimony.

It is urged that the district court erred in allowing the value of the use of the team and wagon as damages during the period of detention. The measure of damages in cases of this nature is compensation to the injured party for the loss of the use of his property. The team and wagon were valuable for a present use. Interest on the value of property wrongfully taken, ordinarily affords an indemnity to the injured party for the detention of his property; but in this case it is apparent that this rule would not afford compensation. The damage suffered by the detention was the value of the use of the team and wagon, and the court was correct in adopting this measure of damages. (*Allen* v. *Fox,* 51 N. Y. 562; *Williams* v. *Phelps,* 16 Wis. 80; *Crabtree* v. *Clapham,* 67 Me. 326.) In this connection it is said that since the judgment in *Elder* v. *Williams* was fully satisfied upon the fourteenth day of April, 1882, by the return of the property and the payment of interest to that date upon the damages assessed, the plaintiff has been compensated for the detention, and this action cannot be main-

tained. The damages assessed in that case for the detention of the property were for the period of time between the seizure and the trial. The interest paid was the penalty imposed by the law for delay in the payment of these damages. At the time of the trial of the former suit the law could not presume, nor could the plaintiff have proven, that the detention would have continued. The detention from the time of the trial of the former cause was a new trespass, and the damage a fresh cause of action.

Judgment is affirmed.