Filed February 2, 1893.

---

No. 712.

EISENHAUER ET AL. *v.* DILL ET AL.

EXEMPTION FROM EXECUTION. —*Upon What Principle Based.—Exemption Statutes.—How Construed.*—The constitutional provision relating to exemption, and the statute founded thereon, were designed as a protection to poor and destitute families. They are based upon considerations of public policy and humanity, and it is not alone for the benefit of the debtor, but for his family as well, and such statutes should be liberally construed.

SAME.—*Absence of Husband from State.—Right of Wife to Claim.*—The wife, when the execution-defendant is absent from the State, or has absented himself from his home, may make out and verify a schedule as required

by law, and may claim and receive for her husband the exemption, and may exercise all the rights which would belong to her husband were he present.

SAME.—*Joinder of Parties Plaintiff and Defendant.—When Properly Joined.*— Where a sheriff fails and refuses to comply with the demand for exemption, when properly made by an execution-defendant or by his wife, when entitled thereto, the debtor may proceed against such sheriff, and also against the execution-plaintiff and purchaser—who, with full knowledge of the rights of the debtor, receives the benefit of such failure and refusal— to recover the amount of the exemption to which he was entitled; and in such action the husband is a proper party.

SAME.—*Sufficiency of Complaint.—Allegation of Time and of Ownership.*—In an action against a sheriff and a purchaser at an execution sale for the amount of the property sold, which was properly claimed to be exempt from execution, the complaint is in sufficient compliance with the statute when it, among other things, alleges that the affidavit and inventory filed by the execution-defendant contained a full and true account of all the debtor's property, etc., "at the date of the execution;" and such complaint is sufficient when it does not allege that the land belongs to the execution-defendant, but it appears therefrom that the property had been levied upon and appraised as the property of such defendant.

SAME.—*Sufficiency of Affidavit and Schedule.—Husband Absent from State.*— *Schedule of Property to Best of Wife's Knowledge.*—Where an affidavit and schedule for exemption from execution, made by the wife in the absence of her husband from the State, states that the inventory contains a full list of all the property, credits, rights, etc., of her husband, both real and personal, within or without this State, of which she has any knowledge, and adds that her husband has some property or choses in action in another State, but what or how much she can not state, such affidavit and inventory sufficiently complies with the statute.

SAME.—*Declarations and Admissions.—Estoppel.—Affidavit and Schedule.—* *Presentation to Sheriff.*—Where an affidavit and schedule for exemption from execution were presented to the sheriff, and he responded to the defendant's attorney: "All right, you are entitled to it and you shall have it," and the execution-plaintiff responded to the sheriff: "I will not get you into any trouble; I will make that thing all right," the sheriff and plaintiff are not in a position to urge technical objections to defeat the right of exemption.

From the Wabash Circuit Court.

*T. G. Smith*, for appellants.

*J. B. Kenner, C. W. Watkins* and *B. M. Cobb*, for appellees.

Davis, J.—The material averments in the first paragraph of the amended and substituted complaint are in substance as follows:

That appellees were, and for more than twenty years prior to the commencement of the action had been, husband and wife, and residents of the State of Indiana, and that said Solomon Dill was a householder, and that they had a family, etc.; that for three years prior to August 4th, 1888, the husband had been absent from the State, temporarily engaged in business in Michigan, and that the wife and children continued during all of that time to reside as a family in this State; that several years prior to August 4th, 1888, a judgment on contract was rendered against said Solomon Dill, on which an execution had recently been issued in favor of said appellant Eisenhauer, and placed in the hands of said appellant Bratton, as sheriff, who proceeded to, and did, levy the said execution on the real estate of said Solomon Dill, described in the complaint, and situate in the county in which said appellee and his family resided, and advertised the same for sale on said 4th day of August, 1888, and that prior to the date of sale, " Susan Dill, as wife of said Solomon Dill, made out a schedule, which in all things complied with the law, and was by her duly verified, and contained a full, true and complete inventory of the real estate of said Solomon Dill within or without this State, moneys on hand or on deposit within or without this State, personal property, rights, credits or choses in action, of which said Solomon Dill was the owner or in which he had any interest at the date of the execution," and that on the 26th day of July, 1888, she delivered said schedule and inventory to said sheriff, " and demanded of him that he set off to her as exempt from sale, in the name of her husband Solomon Dill," the real estate described in the complaint, " and if the same is of more value than $300, then that she have the amount as provided by law"; that said schedule and

inventory were accepted by the sheriff, and that he proceeded in conformity therewith to have the real estate appraised by two householders and freeholders of the neighborhood, " who appraised said tract of land at $3,000," and afterwards, on the 4th day of August, 1888, said Bratton, as such sheriff, sold the real estate to said Eisenhauer for $1,301.81, in satisfaction of said judgment, and that afterwards, on August 5th, 1889, a deed for said real estate was executed by said sheriff to said purchaser, and that said Eisenhauer, when he bought said land, also when he received the certificate of purchase therefor, and also when he accepted said deed, had full knowledge of the demand for said exemption, and that no part of said $300 had been paid.

Other facts are stated, including the averment that no part of the $300 exemption has ever been allowed or paid to said appellees or either of them, and also a demand for the payment thereof of said appellants, prior to the institution of this suit, are duly alleged.

The gist of the allegations in the complaint clearly show that the object of the action was to recover the $300 exemption allowed in the right of the execution debtor in such cases for the use and benefit of his family, and which, by reason of the absence of her husband, the wife claimed she was entitled to receive.

Although there is some conflict in the evidence, it tends strongly to sustain all the facts alleged in the complaint. The evidence shows that when the claim for exemption was filed by the wife with the sheriff, he said to her attorney it was " all right, you are entitled to it and you shall have it," and that when the sheriff called the attention of his co-appellant to the claim for exemption, he stated in substance to the sheriff that " he would make that thing all right. You need not be uneasy. I will not get you into any trouble. I will make the thing all right."

The case was tried by the court and resulted in a finding and a judgment in favor of appellee, on the first paragraph of complaint, against appellants, for $354.

Counsel for appellants urge that the several demurrers of appellants to the first paragraph of the complaint should have been sustained. It is insisted:

*First.* That there is a misjoinder of parties plaintiff.

*Second.* That the facts stated therein are not sufficient to constitute a cause of action against either of appellants.

The first question is whether the joinder of the wife and husband, on the facts alleged, is under the statute a defect or misjoinder of parties plaintiff, for which the demurrer should be sustained. Section 715, R. S. 1881, is as follows:

"In any case when the execution-defendant is absent from this State, or shall absent himself from his home, and an attachment or execution shall be directed against his property, his wife may make out and verify the schedule of his property, and claim and receive for him the exemption provided by this act, and claim and exercise all the rights which would belong to her husband were he present."

The provisions of this section are broad and comprehensive.

In considering the question involved in this appeal, we should not overlook the fact that the constitutional provision and the statute founded thereon, relating to exemption, were designed as a protection to poor and destitute families, and the law, by this means, seeks to mitigate the consequences of men's thoughtlessness and improvidence. They are based upon considerations of public policy and humanity. The exemption is not alone for the benefit of the debtor, but for his family as well. It is well settled that exemption laws should be liberally construed, with the view of saving to the use and enjoyment of the family of the debtor the full exemption which the law bestows.

*Chatten* v. *Snider*, 126 Ind. 387; *Kestler* v. *Kern*, 2 Ind. App. 488; 7 Am. and Eng. Encyc. of Law, 130.

The wife, in the absence of the debtor husband, under the section quoted, may not only make out and verify the schedule required, but she may also " claim and receive for him the exemption."

This she may do, not in his name, but in her own name. If we are right in this construction, then, in the event the sheriff and execution plaintiff fail and refuse to allow or pay the amount of the exemption to her, what is the remedy? May she not prosecute an action to recover the exemption which the statute says she may claim and receive?

The concluding part of the section says in express words, she may " claim and exercise all the rights which would belong to her husband were he present."

In other words, whatever rights he could enforce she may enforce. The statute gives her " all the rights which would belong to her husband." The familiar maxim, as stated by Lord Keolt, is, "If a statute gives a right the common law will give a remedy to maintain that right." *Ashby* v. *White*, 1 Salk. 19; *Kestler* v. *Kern, supra.*

The right conferred on the wife by the statute quoted is sufficient to authorize her, in her own name or in the name of herself and husband, on the facts stated in the complaint, to prosecute the action to recover, through the right of the husband to the exemption, for the use and benefit of the family, the amount guaranteed by the constitution and the statute.

The only cause of action stated is the one the wife is authorized, in the absence of her husband, to maintain in order to enforce the right of exemption. The husband was a proper, if not a necessary, party to the action. *Board, etc.,* v. *Slatter*, 52 Ind. 171; *Ohio, etc., R. W. Co.* v. *Cosby*, 107 Ind. 32; Thompson on Homesteads and Exemptions, sections 695, 696, 697 and 698.

It is next insisted that no right of action is shown against either of appellants, and especially is this point urged as to Eisenhauer. The law is well settled that where the sheriff, on the facts alleged in the complaint, fails and refuses to comply with the demand made in behalf of the debtor for his exemption, the debtor may proceed against him—and also against the execution creditor and purchaser, who, with the full knowledge of the rights of the debtor, receives the benefit of such failure and refusal—to recover the amount of exemption to which the debtor is entitled. Thompson on Homesteads and Exemptions, section 877; *State, ex rel.,* v. *Blanch,* 70 Ind. 204; *Kestler* v. *Kern, supra; Chatten* v. *Snider, supra.*

It is also urged that the demurrer should have been sustained to the complaint for the want of sufficient facts, for the alleged reason that the averment therein, that the affidavit and inventory so filed by the wife, as hereinbefore stated, contained a full and true account of all the debtor's property, etc., " at the date of the execution," is not equivalent to saying " at the date of the issuing of the writ."

In this position, we can not agree with counsel for appellant. In our opinion the allegations in the complaint, on the point in question, show a substantial compliance with the statute.

A further objection to the complaint, as stated by counsel for appellant, is " that nowhere in this paragraph of complaint is it alleged that the land belonged to Solomon Dill." The allegations are sufficient on this subject. The real estate is described in the complaint, and it appears to have been levied upon and appraised by the sheriff as the property of Solomon Dill.

The complaint could have been more accurately drawn, and the cause of action stated in clearer and more explicit language, but there is no omission of any material averment to which our attention has been called.

The causes for a new trial present for our decision the single question, whether or not there is sufficient evidence appearing in the record tending to sustain the finding and judgment of the trial court on every material point.

It is urged by counsel for appellants that the affidavit and schedule filed by the wife were fatally defective because she says therein, in substance, that her husband has some property or choses in action in Michigan, but what or how much she can not state. In the same connection, however, she does set out therein specifically a full and complete statement of all the property, credits and rights, etc., of her husband, both real and personal, within or without this State, of which she had any knowledge, and in her affidavit she embraces, in substance, all that the statute requires should be stated. When she had stated all that the statute requires in such cases, the mere fact that she adds thereto that there may be something which her husband owns in some other State, but of which she has no knowledge, is not sufficient of itself to defeat the claim of exemption out of the property in this State levied upon. Our conclusion, after careful investigation and consideration, is that the affidavit and schedule were sufficient, and that in all respects there has been a substantial compliance with the provisions of the statute.

Moreover, in view of the statements of the sheriff, when the claim for exemption was presented, and the promises of the execution plaintiff, when his attention was called to the matter, the appellants are not now in position to urge technical objections to defeat the right of exemption. If the sheriff had not given such strong assurances that the claim would be granted, the alleged informalities now urged might have been corrected.

The court below saw the witnesses, heard the evidence, and decided the controverted question of fact against appellants, and, under the authorities, no reason has been shown which would justify us in saying that the wife of

the absent debtor has not done all that she was required to do in order to entitle her to claim, sue for, and receive the exemption in the right of her husband. *Astley* v. *Capron*, 89 Ind. 167; *Kestler* v. *Kern, supra; Chatten* v. *Snider, supra.*

In the record of this cause there is evidence fairly tending to support the finding of the court below on every material point, and we can not say that the court below erred in overruling appellants' motion for a new trial.

Judgment affirmed.

Filed February 2, 1893.