MILLERKE, Respondent, v. REILEY, Sheriff, et al., Appellants

(141 N. W. 136.)

1. **Exemptions—Appointing Appraisers—Duty of Sheriff—Conversion.**

Under Secs. 355-360, Code Civ. Proc., concerning appointment of appraisers of debtor's property where a schedule thereof is delivered to sheriff, his duty is to cause an appraisement to be made; and if both debtor and creditor fail to act in appointment of appraisers, his duty is to select appraisers; and if he fails so to do and disregards claim of exemptions and persists upon proceeding under his writ, his acts are unwarranted, and amount to conversion of the property.

2. **Pleading—Anticipating Defense—Purchase—Money Judgment.**

A complaint in an action against a sheriff for conversion of attached property by refusing to make appraisal after debtor filed schedule need not, under Sec. 362, Code Civ. Proc., aver that the debt sued on was not for the purchase price of the property claimed as exempt; that is matter of defense to be set up by answer.

3. **Exemptions—"Schedule"—Sufficiency—Valuation.**

A debtor's schedule of property for exemption purposes need not state the value; it is not an appraisement; the values are ascertainable by the appraisement alone.

4. **Sheriff—Conversion—Exemptions—Demand.**

If possession of property is wrongful, demand therefor is not necessary before suit in trover for conversion; and a sheriff holding property under attachment and refusing to permit an appraisement thereof upon debtor's filing a schedule, became a trespasser, and no such demand was necessary.

5. **Exemptions — Demand — Conversion — Possession — Joint Tort-Feasors.**

Where an attachment creditor counselled the sheriff to refuse debtor's demand for appraisal of property to set off his exemptions, the possession by sheriff became that also of the creditor, and the conversion was joint, and a demand for the property was unnecessary upon either.

6. **Pleading—Joint Demurrer—Pleading Good in Part.**

A complaint good as to one of two defendants who unite in a joint general demurrer, the demurrer was properly overruled as to both.

(Opinion filed April 22, 1913.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by William Millerke against Eugene Reiley, as sheriff, and another, for conversion of property claimed as exempt. From a judgment overruling defendants' joint demurrer, they appeal. Affirmed.

*Robertson & Dougherty*, for Appellants.

It is clear under Secs. 362, 345, Code Civ. Proc., that no exemptions of any kind or character, absolute or otherwise, can be allowed against an execution or attachment issued for the purchase money of property claimed to be exempt.

It then becomes necessary that the complaint should show that the debt sued upon in the attachment action was not for the purchase money of the property claimed to be exempt, in order to constitute a cause of action.

An examination of the complaint does not disclose the nature of the attachment action. It simply states that the defendant. H. Millerke, commenced an action, etc., and a warrant of attachment was issued in said action. (Abstract, page 2, Fols. 4 and 5).

We contend that an examination of the complaint discloses that the plaintiff is screening himself behind a beneficent statute, and endeavoring to convert that statute into a refuge by which he can defeat the payment of his just debts as stated in Tishomongo Sav.. Inst. v. Young, 3 L. R. A. 695, to which case we direct the Court's attention. McCausey v. Hook, 124 N. W. R. 570; Waples on Homestead and Exemption; 39 U. S. Fid. Guar. Co. v. Hollenhead, et al., 98 Pac. 749.

The proper procedure in exemption cases is doubtless for the debtor to furnish the officer with a schedule of all his personal property. The officer should then make an appraisement; the debtor should then select his exemptions, leaving the balance to be applied upon the judgment debt. It is easy to say that the officer has no other duty than to make the appraisement. He is to take and hold under his attachment the debtor's property. If he releases property not exempt, he is liable to the plaintiff. The claim

of exemption states that "the whole of defendant's said personal property, including that portion and so much thereof as is absolutely exempt, does not exceed in value the sum of $750.00." (Abstract, page 10, Fol. 28.)

It is thus clear from the items of property and their value as alleged in the complaint that the property levied upon exceeded by several hundred dollars the amount allowed as exemptions.

The sheriff kept the property, for it far exceeded seven hundred and fifty dollars in value, as the complaint shows. We urge, under the authorities formerly quoted, that the plaintiff has not shown himself entitled to bring this action against either defendant, not only so far as exemplary damages are concerned but also as to compensatory.

As to defendant H. Millerke, no cause of action is alleged in the complaint for these reasons:

1. It does not allege that he ever had possession of any of the property.

2. It does not allege that any demand was ever made upon him for the release of any of the property.

3. Never having had possession of it, it cannot be said that he converted it, for in such case it would be impossible for him to convert it. The complaint does not state that the defendant sheriff ever delivered any of the property to him.

4. Not having possession, he could not comply with a demand for its return, if the defendant sheriff did not wish to return it, and return in any event is impossible if he never received it.

5. It is stated in the complaint that he directed the sheriff, etc., but the sheriff might follow his directions or not as he might choose. This is far from a conversion.

6. There is no constructive possession in the defendant Millerke by reason of the attachment. That is the purpose of the attachment, to be held by the sheriff, pending the suit, free from the possession of either party.

Much less is any cause of action for exemplary damages shown against defendant Millerke. 28 Am. & Eng. Enc. of Law, 2d Ed. 681; Williams v. Fethers, 91 N. W. 677; 28 Am. & Eng. Enc. of Law, 2nd Ed. 711; Steele v. Marsicano, 36 Pac. Rep. 921, and cases cited; 38 Cyc. 2034, and cases there cited; Cooley on Torts, 3rd Ed. 874.

*Krause & Krause,* for Respondent.

The plaintiff, showing himself to be of the class of persons entitled to both absolute and additional exemptions under these general exemption laws, and that said exemption rights had been properly claimed by his wife for the family, sets out a complete cause of action by further showing that, though knowing that the property was so claimed as and was exempt, after the same had been so claimed and demand therefor made and duly served upon the defendant sheriff, "the defendants did wilfully, wantonly and wrongfully, with intent to and did thereby annoy, worry and oppress the plaintiff and deprive him of his rights to his said exemptions, counsel and agree ·with each other to refuse, and the defendant sheriff, under the direction and procurement of the defendant Millerke, did thereupon refuse, to make or cause an appraisement of the said property and refuse to permit selection thereof, and refuse to surrender the said exempt property, but under defendant Millerke's directions and with his co-operation, the defendants persisted in retaining the said property, and so wrongfully kept plaintiff's said exemptions from him and wrongfully converted the same" etc., to his damages for the stated value of the property, and exemplary damages.

It was therefore entirely unnecessary for the plaintiff ·to negative the exception to these general exemption statutes.

Such exceptions set out in the complaint, would, under ·proper rules of construction of the pleading, be held to be mere surplusage forming no part of the plaintiff's cause of action; and hence not put in issue by general or common traverse in defendants' answer. No such defense should be anticipated nor negatived in the complaint. But, in order to avail themselves of any such exception, same must be affirmatively pleaded by the defendants. Wagner v. Olson, sheriff, (N. D.) 54 N. W. 288; Paddock v. Balgord, sheriff, (S. D.) 48 N. W. 840; Nielson v. Oium (S. D.) 114 N. W. 691; Shinn on Replevin, Sec. 537.

By the statutory warrant of attachment the defendant sheriff was directed to attach the debtor's property within the county, "not exempt from execution." And, having attached property which was thereupon claimed to be exempt to the debtor and his family, proper claim, schedule, and demand having been served

upon the officer therefor, it became the duty of the officer to recognize and respect the plaintiff debtor's exemption rights.

Besides, it will be observed that certain of the property (four certain hogs) is claimed as' absolute exemptions as provisions for the debtor and his family for one year's supply, growing and provided, under sub-division 7 of Sec. 345, Civ. Proc.

Nor can the fact that the valuation placed by the debtor's wife upon the several articles, the aggregate amount whereof appears to slightly exceed the statutory limitation of $750, be held to support the general demurrer. For, notwithstanding this, it was and remained the duty of the officer to cause an appraisement to be made, so as to enable the debtor or his said wife to make selection of the additional exemptions. And when he refused to carry out his duty, but on the contrary, he and the attachment creditor did, with intent and to the effect of annoying, worrying and oppressing the plaintiff, and depriving him of his exemption rights, counsel and agree with each other to refuse and the defendant sheriff, under the direction and procurement of the defendant Millerke, did ignore and override the plaintiff's exemption rights, both became liable to him for the amount of value of his absolute and additional exemptions, as well as for exemplary damages, and both are properly made defendants in this action, they being joint tort feasors. 2 Freeman Executions, 3rd ed, pp. 1137-9 and 1538-9; 12 Am. & Eng. Enc. Law, 2nd ed., p. 250; 28 Am. & Eng. Enc. Law, 2nd ed., p. 684-5.

POLLEY, J.   This action was brought by the respondent for the recovery of damages occasioned by the alleged conversion by the appellants of certain personal property, claimed to have been owned by respondent.   The amended complaint alleges that the appellant Reiley at the time of the conversion was the sheriff of Minnehaha county, and that his co-appellant, H. Millerke, was the plaintiff in a certain action wherein respondent in this action was the defendant.   It is also alleged that some time prior to the commencement of this action the appellant H. Millerke sued out a writ of attachment in the action above mentioned against the defendant (who is respondent in this action) under and by virtue of which the appellant Reiley, as such sheriff, seized upon the personal property claimed to have been the subject of the conversion. That, within the time allowed by law, a "demand to sheriff to set

off exempt property," accompanied by a schedule of plaintiff's property, was served on the appellant Reiley as such sheriff, claiming that all of said property was exempt from levy and sale on execution. This demand contained the name of a qualified party to act as an appraiser of the said property, and demanded that said appellant, as such sheriff, cause an appraisement of said property to be made, as provided by law, and that the same be released and returned to the plaintiff; then follows an allegation that: "The defendants did thereupon willfully, wantonly, and wrongfully, with intent to, and did thereby, annoy, worry, and oppress the plaintiff, and deprive him of the uses, rights, and benefits of his said exemptions, counsel and agree with each other to refuse, and the defendant sheriff, under the direction and procurement of the defendant Millerke, did thereupon refuse to make and cause an appraisement of the said property, and refuse to permit selection or taking thereof as exempt and refuse to surrender the said exempt property; but, under defendant Millerke's direction and with his co-operation, the defendants persisted in retaining said property for the benefit of said defendant Millerke; and so wrongfully kept plaintiff's said exemptions from him and wrongfully converted same, to his damage," etc.—and demanded judgment for exemplary as well as actual damages. Defendant demurred to this amended complaint upon the ground: "(1) That it appears upon the face of said amended complaint that the same does not state facts sufficient to constitute a cause of action; (2) that it appears upon the face of the said amended complaint that several causes of action have been improperly united." A trial upon the demurrer was had which resulted in the same being overruled by the court, and this appeal is from the order averruling the demurrer.

Whether or not the amended complaint states facts sufficient to constitute a cause of action depends upon the interpretation to be given our exemption law.

[1] So far as material to this case, it will be found in sections 355 to 360, inclusive, Code Civ. Proc. If the judgment debtor wishes to avail himself of his rights under the law, he must make, or cause to be made, and delivered to the officer having the writ under which the levy was made, a verified schedule of all of his personal property, and may name some disinterested person to act as one of the appraisers for the purpose of ascertaining the value of

this property. The judgment creditor may then select one person to act as one of the appraisers. These two may select a third; and the three so selected, after they take and subscribe an oath, must then proceed to appraise the property at its actual value. The claiming of the exemptions by judgment debtor is a mere privilege accorded to him which he may exercise or not—just as he sees fit—but when once the verified schedule, mentioned in section 355, accompanied by a demand for an appraisement, and that the debtor's exempt property be set off to him have been delivered to the sheriff, it is his duty to cause the appraisement to be made; and that, too, before he takes any further steps under his writ. This is a matter in which he is vested with no discretion whatever. It is a purely ministerial duty, the performance of which may be compelled by mandamus. Bank of Neligh v. Lancaster et al., 54 Neb. 467, 74 N. W. 858. The delivery to him of the verified schedule suspends the further operation or authority of his writ until the appraisement has been made. The judgment debtor or judgment creditor, or both, may fail to exercise their privilege of naming a person to act as one of the appraisers, but this would furnish no legal excuse for the officer not to proceed with the appraisement. If they, or either of them, fail to make a selection, then this duty also devolves upon the officer. He must select one, or if necessary two, appraisers; but it is his duty to see that the appraisement is made at all events, and, if he fails to have it made or disregards the claim of exemptions and persists in proceeding under his writ, his acts are wholly unwarranted, and amount to a conversion of the property.

[2] With this view of the law in mind, let us take up appellants' demurrer. They contend that, as by the provisions of section 362, Code Civ. Proc., no exemptions are to be allowed against an execution issued for the purchase money due on the property claimed to be exempt; that the complaint is bad, because it does not allege that the debt sued upon in the attachment suit was not for the purchase money due on the property claimed to be exempt. In other words, that the law makes an exception in favor of purchase-money judgments, and that this exception ought to have been pleaded in the complaint. In this contention they are clearly wrong. If, without any reference to the purchase money, the complaint states a cause of action, it is sufficient. A prima facie

case is made out, and, if there are any facts that take the case out of the general rule, they are matters of defense and must be taken advantage of by answer. In order to avail themselves of such matter, they must plead, by way of affirmative defense, facts sufficient to bring themselves within the exception, and the burden is upon them to show what, if any, property is not exempt. Wagner v. Olson, 3 N. D. 69, 54 N. W. 286; citing Paddock v. Balgord, 2 S. D. 100, 48 N. W. 840—a case directly in point on this proposition.

[3] Appellants next contend that the schedule attached to respondent's claim of exemptions, and also attached to the amended complaint herein, unjustly claimed some of the listed property to be absolutely exempt, and that it also showed the value of respondent's property to exceed the statutory amount. This contention is wholly without force. It is immaterial whether the judgment debtor's schedule shows his property to be worth more or less than the statutory amount or whether it shows it to be of any value whatever; and whether property is absolutely exempt or not is to be determined in a disputed case by the court, and not by either party to the controversy. All that the judgment debtor is required to do is to make out a schedule showing all of his personal property, including moneys and credits. A schedule is not an appraisement. It is a mere formal list or bill of quantities (Webster's New International Dictionary), and need contain no values whatever. The values are to be ascertained by the appraisement. That is what it is for, and it is to this appraisement, and to it alone, that we are to look for the values of the judgment debtor's property.

[4-6] It is next contended on behalf of the appellant Millerke that the complaint is not good as to him, for the reason that it does not allege that he ever had possession of any of the property, or that any demand was ever made upon him to release any of it, and that, never having had possession of the propery, actual or constructive, he could not be guilty of conversion. We cannot agree with appellant in this contention. Whether or not a demand is necessary before an action in trover will lie depends wholly upon the circumstances of the case. Where a party is rightfully in the possession of personal property, a demand and refusal are necessary for the maintenance of trover. 38 Cyc. 2032, and cases cited.

But, if the possession is wrongful, then the action will lie without having made a previous demand. 38 Cyc. 2033, and cases cited. In this case respondent's demand upon the appellant Reiley to appraise and release the property in question was a sufficient demand as to him. By his refusal to make such appraisement he became a trespasser, and his possession, from that time on, was wrongful, and no further demand upon him was necessary. But the complaint alleges that the appellants co-operated and acted jointly in refusing to make the appraisement. Appellant Millerke knew all of the facts and circumstances relative to Reiley's possession of the property. In fact, the complaint alleges that Reiley was following and acting upon the counsel and advice of Millerke when he refused to have respondent's property appraised and his exemptions set off to him. It was then that the conversion took place. The possession then became wrongful as to Reiley; but, as they were acting conjointly in the control and retention of the property, the conversion was as much by Millerke as by Reiley. Millerke was as much in possession as Reiley, and his (Millerke's) possession was wrongful in the first instance; therefore, no demand upon him was necessary. Furthermore, he having counseled and advised Reiley to disregard the demand that was made upon him, it is apparent that a demand upon Millerke would have been wholly unavailing. If the allegations of the complaint are true, and for the purposes of the demurrer they are admitted to be true, then the defendant Millerke was as much responsible for the failure to make the appraisement as the officer whose duty it was to cause the appraisement to be made. In other words, they became joint tort-feasors and became jointly liable for the conversion of the property, and this action can be maintained without a demand upon either of them: Mullaney v. Humes, 48 Kan. 368, 29 Pac. 691; Eisenhauer v. Dill et al., 6 Ind. App. 188, 33 N. E. 220; Murphy v. Sherman et al., 25 Minn. 196; Bonnel v. Dunn, 28 N. J. Law, 153; Elder v. Frevert et al., 18 Nev. 446, 5 Pac. 69; Castile v. Ford et al., 53 Neb. 507, 73 N. W. 945.

[7] But we might concede that it was necessary to make a specific demand on Millerke before this action could be maintained, and that no demand was ever made; and still this demurrer would avail him nothing. He united with Reiley in a joint demurrer to the complaint, and, the complaint being good as to Reiley, the de-

murrer was properly overruled as to them both. Rochford v. School District, 17 S. D. 542, 97 N. W. 747.

There being but one cause of action stated in the complaint, the second ground of demurrer needs no further consideration.

The order appealed from is affirmed.