EBENEZER and J. C. FROST, Adm'rs of J. N. FROST, *v.* JOHN W. NAYLOR.

A *chose in action*, if selected by the owner, may be altotted as a part of the personal property exemption, secured to the citizen by sec. 1, Art. 10 of the Constitution.

The allotment of exempted property may be renewed from time to time, so as to keep constantly in possession of the citizen $500 worth of personal property for the comfort and support of himself and family.

(*Ballard* v. *Waller*, 7 Jones 84; *Dean* v. *King* 13 Ired. 20, cited and approved.)

APPEAL from the ruling of the Superior Court Clerk, heard by *Cloud, J.,* at Fall Term, 1872, of the said court of DAVIE county.

The proceedings were instituted upon the affidavit of the plaintiffs suggesting that the defendant, a judgment debtor, had property which could not be reached by an ordinary execution, and asking an order subjecting him to an examination in relation thereto. The order was granted, and in the examination which followed, among other things not pertinent to the points raised and decided by this Court, it appeared that the defendant, John W. Naylor, the judgment debtor, had or had had the control of a note in the hands of another party, for $78.70, which he claimed as part of his personal property exemption. It was also in evidence, *aliunde,* that the homestead and personal property exemption of the defendant had been allotted to him in 1869, and that this note of $78.70 had been given in part payment of the purchase money for the land then assigned him, and which he had, since the assignment, sold. The Clerk condemned the debt to the use of plaintiffs, and appointed a receiver, from which order the defendant appealed. Upon the hearing below, his Honor set aside the order of the Clerk, adjudging that the receiver return to the defendant the claim of $78.70, which he has a right to as a part of his personal property exemption, and that plaintiffs pay costs, &c.

From this judgment plaintiffs appealed.

FROST v. NAYLOR.

*Bailey,* for appellants.
*Gray,* for defendant.

READE, J. 1. The first question is, whether a *chose in action* can be selected by a debtor, as a part of his personal property exemption.

Under our statute, (Rev. Code, ch. 45, s. 89,) prior to our present State Constitution, certain articles were exempt from execution; "one cow and calf, ten bushels of corn, fifty pounds of bacon, farming tools for one laborer, one bed, &c., for every two members of the family, and such other property as the freeholders shall deem necessary for the comfort and support of the debtor's family—such other property not to exceed in value fifty dollars at cash value." And in *Ballard* v. *Waller* 7 Jones 84, the question was, whether a *chose in action* might be assigned under "such other property," &c. It was decided that it could not, for the reason that "such other property" must be understood to name such like property as had been expressly named. But the language in our Constitution is different. It does not mean any property, but exempts "personal property of the nature of five hundred dollars, to be selected by the debtor." A *chose in action* is property, and, if selected by the debtor, it must be exempt.

2. The second question is, whether the debtor is restricted to the first allotment of exempted property, or whether he may have it renewed from time to time, so as to keep constantly about him exemptions to the value of five hundred dollars? A like question arose under the former statute of exemptions, *supra;* and it was decided that the allotment should be made from time to time, and as often as the debtor might be pressed with executions; the policy being to enable the debtor not only to have the exemptions allotted to him once, but to keep them about him all the time, for the comfort and support of himself and family. *Dean* v.

*King,* 13 Ired. 20. And such is the policy of our constitutional provision ; and it allows the debtor to *select* what he may think most useful. In this it differs from the former law, which either named the articles which might not be the most useful in certain cases, or allowed the "freeholders" to name the articles.

There is no error.

PER CURIAM.                    Judgment affirmed.