Crew, J.
The fund in controversy in this case is less than five hundred dollars, and it is conceded that the defendant in error Hattie Cole, is entitled to the whole of said fund as and for her exemption in lieu of a homestead, unless she has by some positive act, precluded herself from so claiming it. It is the contention of counsel for plaintiff in error, that said Hattie Cole having heretofore, in 1896, *271 claimed, and been allowed, an exemption of five hundred dollars in lieu of a homestead as against the judgment of Hart & Company, that therefore, she is now estopped from claiming another allowance, out of other property, against the same judgment. This claim we think is without merit, and cannot prevail. We are not concerned in this case about the question of whether the revived judgment, against which defendant in error now claims her exemption, is the same judgment against which she claimed and was allowed her exemption in 1896; for whether it is, or is not, we are of opinion that such former allowance is no bar to her right to have ■the exemption claimed by her in the present case. Section 5441, Revised Statutes, provides that: “Husband and wife living together, a widower living with an unmarried daughter or minor son, every widow and every unmarried female, having in good faith the care, maintenance and custody of any minor child or children of a deceased relative, resident of Ohio, and not the owner of a homestead, may, in lieu thereof, hold exempt from levy- and sale, real or personal property to be .selected by such person, his agent or attorney, at any time before sale, not exceeding five hundred ($500) dollars in value, in addition to the amount of chattel property otherwise by law exempted.” By this statute, the extent of the exemption allowed in lieu of a homestead, is fixed at five hundred dollars. Subject to the limitation thus imposed, the statute confers upon the several persons within it^ provisions, the absolute right, at all times, to hold exempt from levy and sale, real or personal property to be selected by such person, not exceeding in value said amount. Any judgment debtor, embraced within the provisions of this stat *272 ute may invoke its protection, and may select and retain, free from seizure or sale upon legal process, property to the amount and value of five hundred dollars; and this he may do whenever, and so often, as attempt is made to subject such property to the payment of his debts. When exemption has been once claimed, and property to the value of five hundred dollars has been selected and set off to the judgment debtor, so long as such property is retained by him undiminished in value, he is, of course, without right to further exemption. But where the property so set off and allowed to him has been consumed, or used by the judgment debtor in the maintenance and support of himself and family, — which is but the rightful application of such exempt property to its intended use, — to deny to him the right of subsequent exemption, merely because of such former allowance, would require, we think, a construction of the statute that is contrary to its letter and spirit, and wholly subversive of its purpose and design. Freeman on Executions, sec. 212; Thompson on Homestead and Exemptions, sec. 857; Krauter’s Estate, 150 Pa. St., 47; Weis v. Levy, 69 Ala., 209; Chatten v. Snider, 126 Ind., 387; Frost v. Naylor, 68 N. C., 325.
In Freeman on Executions at section 212, page 1100, the author says: “If at different times, writs of execution are issued on the same judgment, the defendant is entitled as against each, to the benefit of the exemption laws existing at the date of the respective levies, and a levy under writ in disregard of a claim of exemption cannot be justified upon the ground that when a prior writ was issued on the same judgment, the defendant claimed, and had set apart to him, the full amount to which he was then entitled. *273 If he has disposed of such property he cannot he required to account for it, and his claim for exemption must be treated as though he had never before had the benefit of his exemption privileges.”
In Krauter’s Estate, supra, it was held by the supreme court of Pennsylvania, under a statute of that state allowing an exemption of three hundred dollars, that a debtor to whom such exemption had been allowed and set apart, might again claim his exemption against the same judgment, out of other property, where the former exemption had been consumed. Justice Heydrick, in the opinion in that case, referring to the exemption statutes said: “In their spirit these humane laws secure to the unfortunate honest debtor at all times the use and enjoyment of three hundred dollars worth of property if he have so much. But to hold him confined for all time to the goods once selected and appraised, or to the money exempted, or to the property into which either may have been converted, might soon leave him without anything. If the goods or money should not be consumed in living, the former would in time undoubtedly depreciate in value, and the same improvidence that made or kept the debtor poor would ordinarily leave him little to represent that which he might attempt to barter or invest. ’ ’
In the present case, the defendant in error Hattie Cole, claimed and was allowed, in 1896, an exemption of five hundred dollars in lieu of a homestead. Of the amount then allowed to her she received at that time two hundred and twenty-five dollars, but whether she ever received more than that sum, the record does not disclose. In 1902, six years, later, on the death of her brother Daniel Grill, she inherited from his estate, property to the amount and value of *274 four hundred and seventy dollars and ninety cents. She was at this time fifty-two years of age, was not then the owner of other property either real or personal, and she was, unless precluded by the former allowance six years earlier, clearly entitled to hold said property exempt from the claim and lien of Hart & Company who was seeking to subject it to the payment of its judgment. No authority is cited by counsel for plaintiff in error in support of the claim made by them in their brief: “that after property is once set off in lieu of a homestead, and by reason thereof exempt from levy and sale, the law contemplates that the applicant will maintain it, or in any event that the applicant will not be permitted after it is gone, to claim other property in lieu of a homestead, at another time.” The claim thus made would seem to be in such direct conflict with' all the authorities up op that proposition which we have been able to find, and is so inconsistent with the humane policy and purpose of our exemption laws, that it is, we think, utterly untenable. It is the well settled rule in Ohio, that the homestead and exemption laws of this state are to be liberally construed in favor of the claimant. Sears v. Hanks, 14 Ohio St., 298; McConville v. Lee, 31 Ohio St., 447. When we consider then, that the primary purpose of allowing an exemption in lieu of a homestead, is to provide the debtor with present means for the support of himself and family, and that ordinarily, only by the conversion or consumption of the property so exempt, can it be made to inure to the benefit of those for whose use it is intended; we must conclude, that we but advance the intention of the legislature, when, in the present case, we construe above section 5441, Revised Stat *275 utes, as requiring us to hold, that the exemption allowed the defendant in error, in 1896, is no bar to her present claim.

Judgment affirmed.

Davis, C. J., Shauck, Price, Summers and Spear, JJ., concur.