Chatten *v.* Snider.

Filed Dec. 20, 1890.

————◆————

No. 14,598.

## CHATTEN *v.* SNIDER.

EXEMPTION FROM EXECUTION.—*Action against Sheriff.—Complaint.—Sufficiency of.*—In an action against a sheriff for selling the property of the plaintiff which he claimed he was entitled to as exempt from execution, the complaint alleged that the defendant levied an execution issued on a judgment recovered against the plaintiff on a promissory note upon the land of the plaintiff, of the value of $7,000; that the plaintiff was entitled to claim the benefit of the exemption laws of the State of Indiana, and that he made out and delivered to the defendant the schedule prescribed by statute and demanded that all of his personal property contained therein, of the value of $287, be set off as exempt from execution, and that the defendant, after having made a sale of said real estate, pay to him the difference between the appraised value of the personal property and the sum of $600 allowed him as exempt from execution, from the proceeds of the sale; that the defendant sold the real estate and refuses to pay any part of the purchase-money received therefor to the plaintiff.

*Held,* that the complaint states a good cause of action, and is sufficiently certain.

SAME.—*Second Exemption as Against Alias Execution.—Right of Plaintiff to Claim.*—In an action against a sheriff for selling property claimed as exempt from execution, the defendant answered that the execution levied upon the property was an *alias,* and that as against the original execution an exemption had been allowed.

*Held,* that the answer did not state a good defence; that the fact that the plaintiff had had one exemption did not defeat his right to another if made in good faith, and that if the demand for the second exemption was not made in good faith the burden was on the defendant to allege and prove the fraud.

From the Elkhart Circuit Court.

*H. D. Wilson* and *W. J. Davis,* for appellant.
*W. L. Stonex* and *E. E. Mummert,* for appellee.

BERKSHIRE, J.—The complaint in this action sounds in *tort.* The appellant is sued in his individual capacity for an alleged wrong charged to have been committed under color of his office as sheriff of Elkhart county.

Three several errors are assigned: the first is that the court erred in overruling the demurrer to the complaint, and the second in sustaining the demurrer to the answer.

The third is embraced in the first and second, and need not be stated.

After carefully considering the complaint we are satisfied that it states a good cause of action.

It has been held many times by this court, since the adoption of our civil code, that nothing more than certainty to a common intent is required in a pleading.

The complaint under consideration comes up to this standard, and the facts stated disclose a cause of action.

It appears that Henry Bemenderfer, as executor of the last will of George A. Snider, on the 22d day of June, 1887, recovered a judgment in the Elkhart Circuit Court against the appellee for $2,070.43, and for costs, in an action on a promissory note executed by the appellee to the testator, and on the 14th day of February, 1888, execution issued upon the judgment, and was placed in the hands of the appellant as sheriff of said county ; that, on the — day of February, 1888, the appellant levied said execution upon certain real estate belonging to the appellee (describing it) of the value of $7,000 ; that the appellee was then, and still is, a resident householder of said county, and entitled to claim the benefit of the exemption laws of the State of Indiana, and on the 24th day of March, 1888, made out and delivered to the appellant an inventory covering the provisions of the statute, and demanded that all of his personal property contained in said schedule, amounting to $257 in value, be set off to him

as exempt from execution, and also demanded that the appellant, after having made sale of said real estate, pay over to him the difference between the appraised value of said personal property, and the sum of $600 allowed him as exempt from execution, out of the proceeds of said sale ; that at the same time the appellee demanded an appraisement of all of his property, and selected George Burhans, a disinterested householder of the neighborhood, as an appraiser, to act in his behalf in making said appraisement.

It is then averred that the appellant refused to recognize the appellee's claim to an exemption, and went on and sold said real estate, received the purchase-money therefor, and refuses to pay any part thereof to the appellee.

It appears that the judgment is founded upon a debt growing out of contract.

A promissory note is a contractual obligation, and, as already indicated, the judgment was rendered upon a promissory note.

We think it sufficiently appears that a demand was made in proper time, and that the appellee was entitled to some relief whether he was entitled to the $600 exemption claimed or only to a $300 exemption.

This brings us to the court's ruling, brought in question by the second alleged error.

The answer, in short, averred that the execution referred to in the complaint was an *alias ;* that, as against the first or original execution, the appellee demanded an exemption of $600, and filed his inventory and schedule with the appellant, and, pursuant to such demand, $600 in personal property was set off and delivered to him, and the personal property referred to in the complaint is a part of the exemption of which the appellee has had the benefit.

It is well settled that exemption laws are to be liberally construed, with a view to favoring the judgment debtor, and that the exemption is not alone for the benefit of the debtor, but for his family as well, and that such construction should

be given thereto as will save to the debtor and his family at all times the full exemption which the law bestows. *Butner* v. *Bowser*, 104 Ind. 255; *Astley* v. *Capron*, 89 Ind. 167; *State, ex rel.,* v. *Read*, 94 Ind. 103; *Goudy* v. *Werbe*, 117 Ind. 154 (163); Thompson Homestead and Exemptions, section 40.

Applying this construction to our statute, and the constitutional provision upon which it rests, the fact that the appellee had already had one exemption did not cut off his right to another if made in good faith.

If the demand for the second exemption was not made in good faith, the burden was on the appellant to allege and prove the fraud. *Weis* v. *Levy*, 69 Ala. 309.

The right of exemption did not exist at common law. 7 Am. and Eng. Encyc. of Law, 130, note 4.

As the right is a mere statutory or constitutional one, the character of the exemption and circumstances under which it may be claimed depend upon the construction to be given to the statute or constitutional provision upon which the right depends. *Robinson* v. *Hughes*, 117 Ind. 293.

We are, therefore, not inclined to follow the rule as stated in Herman Executions, 112, and Thompson on Homestead and Exemptions, section 856, and *Vogelsong* v. *Beltzhoover*, 59 Pa. St. 59.

Our constitutional provision is as follows: " The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted." Article 1, section 22. See section 67, R. S. 1881.

The statute is as as follows: "An amount of property not exceeding in value six hundred dollars, owned by any resident householder, shall not be liable to sale on execution or any other final process from a court, for any debt growing out of or founded upon a contract, express or implied, after the taking effect of this act." Section 703, R. S. 1881.

The sole question involved by the record in this case is one of new impression in this court, but the conclusion which we have reached seems to be in harmony with the intention of the framers of the Constitution, as manifested by the humane provision to which we have referred, found in that instrument.

We find no error in the record.

Judgment affirmed, with costs.

