Pomeroy *et al. v.* Beach *et al.*

POMEROY ET AL. *v.* BEACH ET AL.

[No. 18,326.   Filed February 17, 1898.]

STATUTORY CONSTRUCTION.—*Amendments.*—An amendatory act and the amended statute are to be construed as one.   *p. 513.*

GARNISHMENT.—*Affidavit in Attachment.*—*Act of 1897 Construed.*— Construing the act of 1897 (Acts 1897, p. 233), with the code of civil procedure of 1881 concerning proceedings in attachment, it is evident that it was not the legislative intent that any one should be authorized to commence proceedings in garnishment, and obtain a summons without filing an affidavit in attachment, either at the time or before he filed his affidavit in garnishment.   *pp. 513, 514.*

EXEMPTIONS.—*Liberality of Construction.*—*Constitutional Law.*—The constitutional provision relating to exemptions and the statutes passed pursuant thereto are based upon considerations of public policy and humanity and should be liberally construed.   *p. 515.*

STATUTORY CONSTRUCTION.—*Repeal of Statute by Implication.*—The repeal of statutes by implication is not favored, and where there are two statutes upon the same subject they should be construed so that both will stand, if possible.   *p. 516.*

EXEMPTIONS.—*Act of 1897 Construed with General Exemption Law.*— *Garnishment.*—Construing the provision of the act of 1897 (Acts 1897, p. 233), that the wages of householders not exceeding $25.00 shall be exempt from garnishment, with the general exemption law allowing to resident householders an exemption of $600.00, the latter applies to resident householders and the former to householders who are not resident householders, but are householders in some other jurisdiction.   *pp. 516, 517.*

SAME.—*Garnishment.*—*Act of 1897 Construed.*—The provision of the act of 1897 (Acts 1897, p. 234), that "no exemption shall be allowed against garnishment except as in this section provided" means that no exemption shall be allowed against garnishment to householders other than resident householders except as provided therein. *pp. 516, 517.*

SAME.—*Constitutional Law.*—A law allowing resident householders an exemption of $600.00 and householders of another state an exemption of but $25.00 is not unconstitutional as the legislature has the right to make such classification.   *p. 517.*

From the Porter Superior Court. *Reversed.*

*A. D. Bartholomew* and *William Johnston,* for appellants.

*John E. Cass,* for appellees.

149  511
151  207
151  208
151  243

149  511
153  223

149  511
159  216

149  511
160  557

149  511
161  469
161  482
162  506

149  511
168   17

149  511
171  141

MONKS, J.—This action was brought against appellants by the appellees, and an affidavit in garnishment was filed under the provisions of the act of 1897 (Acts 1897, p. 233). There was a special finding of the facts and the conclusions of law stated thereon, in which the court held, in substance, that under the provisions of said act of 1897 only $25.00 of the wages of appellant Pomeroy, a resident householder, was exempt from seizure for the payment of said indebtedness, and rendered judgment accordingly.

Appellants contend, among other things, that said act of 1897 is in conflict with the provisions of our constitution, and is, therefore, void. This act was passed to amend sections 208, 216, 221, 224, and 243 of the act concerning proceedings in civil causes, approved April 7, 1881, being sections 943, 948, 951, 954, 971, Burns' R. S. 1894 (931, 936, 939, 942, 959, R. S. 1881). The sections amended are concerning proceedings in garnishment.

Before said amendment of 1897, it was provided that the process against a garnishee could only issue upon filing the proper affidavit at the time, or before or after the order of attachment issued. Section 943, Burns' R. S. 1894 (931, R. S. 1881). But no process could issue against a garnishee unless an affidavit in attachment had been filed, or the affidavit in garnishment contained also all the essential requirements of an affidavit in attachment.

The sections of the Code of Civil Procedure of 1881 concerning proceedings in attachment and garnishment are in one act, and are to be construed together. They provided for both remedies, but no judgment could be recovered against the garnishee unless a writ of attachment had been issued, and a judgment was recovered against the defendant in the attachment proceedings. *Emery* v. *Royal,* 117 Ind. 299, 303-

304; 2 Shinn on Attachment and Garnishment, section 694.

It is provided in section 216 of the Code of Civil Procedure, as amended by the act of 1897, Acts 1897, p. 233, being section 943, Burns' Supplement, 1897 (931, Horner's R. S. 1897), that "in all personal actions arising upon contract, express or implied, or upon a judgment or decree of court, if at the time such action is commenced or at any time afterwards, whether a writ of attachment has been issued or not," the plaintiff file the proper affidavit and undertaking, a garnishee summons shall be issued. It will be observed that the section as amended, like the original section, provides that the garnishee process may issue, whether a writ of attachment has been issued or not, but the affidavit in attachment is not waived or dispensed with.

The sections, as amended by said act of 1897, are to be read into the Code of Civil Procedure in the place of the original sections, and from the date said act took effect are a part of said Code of Civil Procedure, and must be so construed. An amendatory act and the amended statute are to be construed as one. *Walsh, Treas.,* v. *State, ex rel.,* 142 Ind. 357, 362, and cases cited; Sutherland on Stat. Const., section 288.

It is clear, therefore, that the act of 1897 does not provide an independent procedure in garnishment, but that the amended sections are to be construed with the sections of the Code of Civil Procedure of 1881 concerning proceedings in attachment and garnishment not amended by said act. When so construed, it is evident that it was not the legislative intent that any one should be authorized to commence proceedings in garnishment, and obtain a summons, without also filing an affidavit in attachment, either

at the time, or before he filed his affidavit in garnish-
ment.   Now, as before the act of 1897 was passed, an
affidavit in attachment must be filed, as well as an
affidavit in garnishment, before the garnishee sum-
mons can issue.

It is true that section 943 (931), *supra*, as amended,
provides for a garnishee undertaking, but, as the
amendment of 1897 makes provision for garnishee
summons without a writ of attachment being issued,
and that a judgment may be recovered against the gar-
nishee where no writ of attachment has been issued, it
must be held that such undertaking is only necessary
when no bond in attachment has been filed, and when
such attachment bond has been filed no undertaking in
garnishment need be filed.   It certainly was not the
purpose of the legislature to require an affidavit, as
provided by section 928, Burns' R. S. 1894 (916, Hor-
ner's R. S. 1897), in which among other things some
one or more of the grounds of attachment provided
in section 925, Burns' R. S. 1894 (913, Horner's R. S.
1897) must be set forth, before an order for attachment
could be issued, and proof of such facts before a
plaintiff would be entitled to a judgment in attach-
ment, but to authorize a garnishee summons and a
judgment against a garnishee without any affidavit
or proof of such facts merely upon affidavit containing
the facts required by section 943 (931), *supra*, and the
proof thereof at the trial.

The facts stated in the special finding do not show
the existence of any one or more of the grounds of
attachment set forth in section 925 (913), *supra*.   Un-
less such facts were shown by the special finding,
appellees were not entitled to judgment against the
garnishee.

Under the provisions of section 715, 730, Burns' R.
S. 1894 (703, 718, Horner's R. S. 1897), a resident house-

holder was entitled to an exemption of $600.00 in any kind of property he might designate, and could take the whole amount, or any part thereof, in wages due him, if he should so elect. Unless the said act of 1897 changed said law in regard to the debtor's right to an exemption, the trial court erred in its conclusions of law.

Section twenty-two of article one of the constitution imposes upon the legislature the duty to pass laws exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability. The exemption laws of the State in force when the act of 1897 was passed were enacted in compliance with this provision of the constitution.

It has been uniformly held in this State that the constitutional provision relating to exemptions, and the statutes passed pursuant to the requirements thereof, were based upon considerations of public policy and humanity; and it was not alone for the benefit of the debtor, but for his family also, that such laws were enacted, and the same should be liberally construed. *Kelley* v. *McFadden*, 80 Ind. 536, 538; *Astley* v. *Capron*, 89 Ind. 167, 170; *Butner* v. *Bowser*, 104 Ind. 255; *Junker* v. *Hustes*, 113 Ind. 524; *Chatten* v. *Snider*, 126 Ind. 387, 389, 390, and cases cited; *Citizens State Bank, etc.*, v. *Harris, ante*, 208; 7 Am. and Eng. Ency. of Law, 130 and 131.

In *Chaten* v. *Snider, supra*, this court said: "It is well settled that exemption laws are to be liberally construed, with the view to favoring the judgment debtor, and the exemption is not alone for the benefit of the debtor, but for his family as well, and that such construction should be given thereto as will save the debtor and his family at all times the full exemption which the law bestows."

If the act of 1897 deprives a resident householder of

his right to take his wages in excess of $25.00 as exempt from seizure for the payment of his debts, growing out of or founded upon a contract, express or implied, in proceedings of garnishment, it is because said act of 1897 repeals by implication so much of the exemption law as allows a resident householder that right.

The repeal of statutes by implication is not favored, and when there are two or more statutes upon the same subject they should be construed so that both will stand, if possible. *Wright* v. *Board, etc.*, 82 Ind. 335, 337; *City of Madison* v. *Smith*, 83 Ind. 502, 511; 23 Am. and Eng. Ency. of Law, pp. 489, 492; Black on Interpretation of Stat. 112.

Applying the rule that exemption statutes are to be liberally construed in favor of the debtor, and that repeals by implication are not favored, it is clear that the act of 1897 did not deprive the appellant Pomeroy, a resident householder, of his right to select his wages up to $600.00 as exempt.

It will be observed that the act of 1897 provides that the wages of householders, not exceeding $25.00, shall be exempt, and that his wages in excess of $25.00 shall not be exempt, while the general exemption law allows $600.00 to resident householders only. Construing these statutes together, one applies to resident householders and the other, the act of 1897, to householders who are not resident householders, but are householders in some other jurisdiction. It is true that it is provided in said section 243, as amended, Acts 1897, p. 234, being section 971, Burns' Supplement 1897 (959, Horner's R. S. 1897), that "no exemption shall be allowed as against garnishment except as in this section provided," but this only means that no exemption shall be allowed as against garnishment to the class of householders named in said

section,—that is, householders other than resident householders,—except as provided in said section. So construed, the act of 1897 provides that no exemption of wages in excess of $25.00 shall be allowed a householder of another state as against garnishment, and this in no way deprives a resident householder of his right to take his wages as exempt, even if they amount to $600.00. The fact that said section 243, Acts 1897, p. 234, only allows the householder of another state wages as exempt, and limits the amount to $25.00, while the resident householder is allowed an exemption of $600.00 and may take a part or all of his exemption in wages or other property, does not render said section, or the act of 1897, unconstitutional. Certainly, this is a classifiaction which the legislature has the right to make. Cooley on Const. Lim. (6th ed.) 490.

Said act is constitutional. It therefore follows that the court erred in its fourth and fifth conclusions of law. The judgment is reversed; with instructions to restate the fourth and fifth conclusions of law in accordance with this opinion, and to render final judgment in favor of appellants on the affidavit in garnishment.

### DISSENTING OPINION.

HACKNEY, J.—I am not prepared to concur in the construction of the amendatory act of 1897 which my associate declares. On the contrary, in my opinion, it was the intention of the amendatory act to eliminate from the amended sections the necessity, in sustaining garnishment, that some ground of attachment be alleged and established. In this view of the amendatory act, the constitutional validity of that act would arise, but, since this view is not adopted by a majority of the court, it is proper that the constitutional questions should not be passed upon.