**In re Ina Ruth WANDREY, Debtor.**

**No. 05–60605 JPK.**

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

Nov. 22, 2005.

**428**

Kenneth A. Manning, Esq., James, James & Manning, P.C., Dyer, IN, for the Chapter 7 Trustee.

George Livarchik, Esq., Livarchik & Farahmand, P.C., Chesterton, IN, for the Debtor.

### ORDER REGARDING CLAIM OF EXEMPTION

J. PHILIP KLINGEBERGER, Bankruptcy Judge.

This order concerns a contested matter arising from the objection of the Chapter 7 Trustee to an exemption claimed in Schedule C of the debtor's schedules. The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and N.D.Ind.L.R. 200.1. The matter before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

In section 9 of her Schedule B filed on February 17, 2005, the debtor Ina Ruth Wandrey ("Wandrey") designated property identified as "Western & Southern Life Insurance Policy (children are beneficiaries)", and stated that the value of that property was "unknown". In Schedule C, filed on the same day, the debtor designat-ed property described as "Western & Southern Life Insurance Policy (children are beneficiaries)" as being exempt pursuant to I.C. 27–1–12–14; asserted the value of the claimed exempted as "100%"; and stated the value of the property as "unknown". On May 23, 2005—in accordance with the provisions of an order granting an extension of time to object to claimed exemptions entered on April 19, 2005—Kenneth A. Manning, the Chapter 7 Trustee of Wandrey's bankruptcy estate ("Trustee") filed an objection to the foregoing claim of exemption. A pre-hearing conference on the contested matter arising from the Trustee's objection to Wandrey's claim of exemption was held on August 25, 2005, at which Attorney George Livarchik appeared as counsel for the debtor and Trustee Manning appeared personally. As stated in the Court's docket record entry of August 30, 2005, at the pre-hearing conference both counsel and the Court agreed that this contested matter would be determined by the Court based upon the Schedule C claim of exemption; the Trustee's objection thereto; case law designated by the Trustee in support of his position (cited at the pre-hearing conference as 227 B.R. 810, 228 B.R. 674 and 322 B.R. 852); and the materials provided by Attorney Livarchik to Trustee Manning by the former's correspondence of May 19, 2005, a copy of which was provided to the Court. The parties have agreed that the property subject to this contested matter is a policy "of life insurance" within the provisions of I.C. 27–1–12–14(e), and that the beneficiaries of the subject policy are "adult" children of Wandrey.

The issue before the Court depends upon the construction of I.C. 27–1–12–14(e) with respect to the classes of beneficiaries who may be designated by a life insurance policy in order to obtain the exemption

provided by that provision. I.C. 27–1–12–14(e) states:

> (e) Except as provided in subsection (g), all policies of life insurance upon the life of any person, which name as beneficiary, or are bona fide assigned to, the spouse, children, or any relative *dependent upon such person,* or any creditor, shall be held, subject to change of beneficiary from time to time, if desired, for the benefit of such spouse, children, other relative or creditor, free and clear from all claims of the creditors of such insured person or of the person's spouse; and the proceeds or avails of all such life insurance shall be exempt from all liabilities from any debt or debts of such insured person or of the person's spouse. (emphasis supplied)

Simply put, the Trustee contends that the phrase "dependent upon such person" modifies each of the three categories of beneficiaries designated in the statute as "spouse", "children", and "any relative"; that because Wandrey's children are adults, they are not dependent upon her; and that therefore, the policy does not qualify for the claimed exemption. Wandrey counters by asserting that the phrase "dependent upon such person" must be limited in its modification to the words "any relative"; that any child, whether or not dependent, may be a beneficiary of a policy in order to qualify that policy for the claimed exemption; and that therefore the policy is exempt as claimed in Schedule C.

The issue before the Court in this contested matter is purely one of statutory construction. There are no reported decisions of any nature which discuss the issue before the Court, or which in any manner address the construction of I.C. 27–1–12–14 in the context of the issue before the Court.

Because Indiana has "opted out" with respect to exemptions applicable in bankruptcy cases in accordance with 11 U.S.C. § 522(b)(1), construction of the statute under which the exemption was claimed is a matter of Indiana law, and not of federal law. However, whether state or federal law were applied to the issues of statutory construction before the Court, the applicable legal principles would be pretty much the same, especially with respect to "ambiguities" in statutory language: the Court deems I.C. 27–1–12–14(e) to indeed be ambiguous with respect to the possible antecedent references in the statute for the phrase "dependent upon such person". Rather than burden this decision with a laundry list of the pronouncements of the courts of the State of Indiana as to the multitudinous principles of statutory construction which have been pronounced over the years to be "aids" or "tools" for construing ambiguous statutes, the Court notes that the ultimate purpose of statutory construction is to ascertain and give meaning to the intent of the legislative body which enacted the statute. As stated by the Indiana Supreme Court in *Spaulding v. International Bakers Services, Inc., Ind.,* 550 N.E.2d 307, 309 (1990):

> In reviewing a statute, our foremost objective is to determine and effect legislative intent. *Park 100 Dev. v. Indiana Dep't of State Revenue* (1981), *Ind.,* 429 N.E.2d 220, 222. Where possible, every word must be given effect and meaning, and no part is to be held meaningless if it can be reconciled with the rest of the statute. *Foremost Life Ins. Co. v. Department of Ins.* (1980), 274 Ind. 181, 186, 409 N.E.2d 1092, 1096. We examine and interpret a statute as a whole, giving words common and ordinary meaning "and not overemphasizing a strict literal or selective reading of individual words." *Id.*

Courts have developed a myriad of ancillary rules to aid in determining legislative intent. One of the particularly fascinating rules is that which relates to the manner in which a modifying word or phrase is to be applied when it appears at the end of a string of possible antecedents. However, to give one an idea of how reliable and precise this principle is as a general concept, consider the following general descriptions of that concept as stated in 73 AmJur.2d "Statutes", §§ 137, 138, and 139 (2005) [footnotes omitted]:

> § 137. Relative and qualifying, or modifying expressions
>
> Generally, relative and qualifying or modifying words, phrases, and clauses should be referred to the word, phrase, or clause with which they are grammatically connected. Furthermore, where qualifying words are in the middle of a sentence, and apply to a particular branch of it, they are not to be extended to that which follows.
>
> § 138. Relative and qualifying, or modifying expressions—Application to last or prior antecedents
>
> Qualifying words, phrases, and clauses are ordinarily confined to the last antecedent, or to the words and phrases immediately preceding. The last antecedent, within the meaning of this rule, has been regarded as the last word which can be made an antecedent without impairing the meaning of the sentence.
>
> This rule of statutory construction, however, is not controlling or inflexible. The rule is not applicable where a further extension or inclusion is clearly required by the intent and meaning of the context, or disclosed by the entire act.
>
> § 139. Relative and qualifying, or modifying expressions—Effect of punctuation
>
> The presence of a comma separating a modifying clause in a statute from the clause immediately preceding it is an indication that the modifying clause was intended to modify all the preceding clauses and not only the last antecedent one. However, qualifying words may, notwithstanding the absence of a comma after the words which immediately precede them, properly be construed as modifying the earlier portion of the statute as well as the clause immediately preceding them, where such construction accords with the evident purpose of the statute.

As the foregoing recitation illustrates, the rules regarding the manner in which a subsequent modifying word or phrase will be applied to possible antecedent objects is essentially "whatever the court otherwise thinks the statute is supposed to mean".[1] For whatever it's worth—and it isn't worth very much because the following cases announce the federal rule of statutory construction—the United States Court of Appeals for the Seventh Circuit has stated:

> Finally, O'Kane argues that the last antecedent rule of statutory construction supports the disability interpretation. This rule states "that where one phrase of a statute modifies another, the modifying phrase applies only to the phrase immediately preceding it." *Northwest Forest Resource Council v. Glickman,* 82 F.3d 825, 832 (9th Cir.1996); *accord Elliot Coal Mining Co. v. United States*

---

**1.** This is probably because if there is a definite grammatical rule as to the manner in which a subsequent modifying term is to be placed in a properly constructed sentence in order to absolutely clarify its intended antecedent, no one knows what it is and no one apparently consistently follows it. This just ain't one of them clearly defined terms of proper grammar.

*Dep't of Labor,* 17 F.3d 616, 629 (3d Cir.1994); *see also* Norman J. Singer, *Sutherland on Statutory Construction* § 47.33 (4th ed.1985) (stating that "qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent"). Under this rule, "on or after March 29, 1996" modifies disability because "based on disability" immediately precedes "on or after March 29, 1996." While O'Kane correctly applies the last antecedent rule, the result is nonsensical. If the effective date modifies disability, the sentence is missing a verb—e.g., disability "occurred" after March 29, 1996. The Commissioner's approach is simpler—we need only read a comma into the statute, instead of guessing which verb Congress intended. For all of the above reasons, we find that the adjudication interpretation accords more coherence to the effective date provision than the disability interpretation.

*O'Kane v. Apfel,* 224 F.3d 686, 690 (7th Cir.2000). *See also, Mandel Brothers, Inc. v. Federal Trade Commission,* 254 F.2d 18, 22 (7th Cir.1958) ["We agree with the Commission that a limiting clause is to be restrained to the last antecedent unless the subject requires a different construction."]

Thus, the rule employed in the construction of federal statutes by the United States Court of Appeals for the Seventh Circuit is that a modifying word or term is to limited to its immediate relative antecedent object unless that application causes the statute to become nonsensical or to be limited in a manner obviously not intended by the legislative body.

Finally, Indiana courts have clearly enunciated standards for review of statutes which provide exemptions, including statutes which provide exemption of assets from creditor process, particularly exemp-

tions which provide availability of assets for a debtor's family. As stated in *Pomeroy v. Beach, Ind.,* 149 Ind. 511, 49 N.E. 370, 372 (1898):

> Section 22 of article 1 of the constitution imposes upon the legislature the duty to pass laws exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability. The exemption laws of the state in force when the act of 1897 was passed were enacted in compliance with this provision of the constitution. It has been uniformly held in this state that the constitutional provision relating to exemptions, and the statutes passed pursuant to the requirements thereof, were based upon considerations of public policy and humanity; and it was not alone for the benefit of the debtor, but for his family also, that such laws were enacted, and the same should be liberally construed. *Kelley v. McFadden,* 80 Ind. 536, 538; *Astley v. Capron,* 89 Ind. 167, 170; *Butner v. Bowser,* 104 Ind. 255, 3 N.E. 889; *Junker v. Hustes,* 113 Ind. 524, 16 N.E. 197; *Chatten v. Snider,* 126 Ind. 387, 389, 390, 26 N.E. 166, and cases cited; *Bank v. Harris* (this term) 149 Ind. 208, 48 N.E. 856; 7 Am. & Eng. Enc. Law, 130, 131. In *Chatten v. Snider,* supra, this court said: "It is well settled that exemption laws are to be liberally construed with the view to favoring the judgment debtor, and the exemption is not alone for the benefit of the debtor, but for his family as well, and that such construction should be given thereto as will save the debtor and his family at all times the full exemption which the law bestows."

As further stated in *Union National Bank of Muncie v. Finley, Ind.,* 180 Ind. 470, 103 N.E. 110, 114 (1913):

> The Constitution of Indiana (article 1, § 22) enjoined the duty on the General

Assembly to enact wholesome exemption laws, and this mandate was obeyed by the enactment of section 745, Burns 1908, which exempts from sale on execution the property of "any resident householder," to the value of $600. These provisions of our Constitution and statute were based on considerations of public policy and humanity; their purpose was not limited to the benefit of the debtor but extended to his family. They have ever been most liberally construed by this court in favor of the debtor. *Pomeroy v. Beach*, 149 Ind. 511, 515, 49 N.E. 370, and cases cited; *Markley v. Murphy*, 180 Ind. 4, 102 N.E. 376.

Finally, of more recent vintage is the Indiana Supreme Court's statement in *In the Matter of Zumbrun, Ind.*, 626 N.E.2d 452, 455 (1993):

Like the delegates of 1850, this Court has acknowledged that the various statutes adopted over the years fixing the dollar amount of exemptions represented a policy balancing the interests of lender and debtor. "It has been uniformly held in this State that the constitutional provision relating to exemptions, and the statutes passed pursuant to the requirements thereof, were based upon considerations of public policy and humanity; and that it was not along for the benefit of the debtor, but for his family also, that such laws were enacted, and the same should be liberally construed." *Pomeroy v. Beach* (1898), 149 Ind. 511, 515, 49 N.E. 370, 372 (citations omitted). This liberal construction has typically meant construction in favor of the debtor. *Union Natl. Bank v. Finley* (1913), 180 Ind. 470, 103 N.E. 110.[FN9] This rule of liberal construction, of course, has been used in deciding how to apply a given statute to a particular set of facts.

Thus, the principal rules of statutory construction which must be applied to I.C. 27–1–12–14(e) are that the legislature's intent controls; in ascertaining that intent, statutes of exemption are construed in favor of the debtor claiming the exemption, particularly when the object of the exemption relates to the debtor's family; and modifying phrases are ordinarily limited to their most immediate preceding object unless to do so causes the statute to fail to carry out the legislature's clear intent or causes the statute to become nonsensical.

Under Wandrey's construction, life insurance policies are exempt if they name as beneficiary a person in one of the following three class: (1) a spouse; (2) a child; or (3) a relative who is dependent upon the person whose life is insured by the policy. The Trustee's construction, on the other hand, provides for exemption with respect to beneficiaries of the following classes: (1) a dependent spouse; (2) a dependent child; or (3) a relative dependent upon the person whose life is insured by the policy.

Wandrey's construction is supported by the "relative immediate antecedent" rule; however, as noted above, that rule is of limited utility. Wandrey's construction expands the classes of "family" members provided for by the exemption, while the Trustee's construction restricts those classes, particularly with respect to the spouse or child/children of the insured, to only those who are "dependent" upon the insured. As a result, Wandrey's construction is far more in consonance with the principle that exemptions are to be liberally construed in favor of a debtor, particularly where the exemption relates to property to be provided to the debtor's family. Finally, construing the statute in the manner for which the Trustee contends causes the statute to become ambiguous in the

context of the concept of "dependent spouse". I.C. 27–1–12–14 does not provide a definition for "dependent", and while it may not be a difficult matter to determine dependency with respect to a relative or a child in most contexts—because of the sharing of property, other assets and resources, and duties and obligations among spouses, without any statutory guidance as to what causes a "spouse" to be dependent, the Trustee's construction of the statute causes it to become a target for litigation involving construction and its application to particular sets of facts.[2] In this context, it is particularly interesting to note—although again not particularly instructive—that 11 U.S.C. § 522(a)(1) defines "dependent" to include "spouse, *whether or not actually dependent*" (emphasis supplied). Thus, for the purposes of federal exemptions, a spouse is deemed to be "dependent" as a matter of law, without creating the complications of litigation to determine in a particular case whether or not one spouse is actually "dependent" upon another.

The Trustee has cited to the Court three cases in which courts applying Illinois law to an Illinois exemption statute which the Trustee contends is substantially similar to I.C. 27–1–12–14 have construed the statute in a manner consistent with his contentions: *In re Sommer*, 228 B.R. 674 (Bankr. C.D.Ill.1998); *In re McLaren/In re Wheeler*, 227 B.R. 810 (Bankr.S.D.Ill.1998); and *In re Bunting*, 322 B.R. 852 (Bankr. C.D.Ill.2005). However, in each of those cases, the statute at issue, 735 Ill.Comp. Stat. 5/12–1001(f) or its successor, exempts cash value of life insurance policies made payable "to a wife or husband of the insured, *or to a child, parent or other person*

*dependent upon the insured*"; (emphasis supplied). Those decisions determined that the phrase "dependent upon the insured" modified the antecedent objects "child, parent, or other person", but did not in any manner question that the phrase "to a wife or husband of the insured" could not possibly be modified by the term "dependent upon the insured". In essence, these decisions deemed the word "or" which follows the comma after the word "insured" in the statutory classification "to a wife or husband of the insured, or to a child, parent or other person dependent upon the insured"—to clearly separate the classes of "wife" and "husband" from possible modification by the phrase "dependent upon the insured". In similar manner, I.C. 27–1–12–14(e) separates the classes of "spouse" and "children" by the word "or" from the class described in the remainder of the provision at issue here ("any relative dependent upon such person"). Thus, apart from the fact that they construe a statute of the State of Illinois rather than I.C. 27–1–12–14 and thus are of no moment as precedent for the issue in this case, the interpretation of the statute at issue in those cases, structured as it is similarly to I.C. 27–1–12–14(e), enhance somewhat Wandrey's proposed interpretation.

All of the potentially applicable principles of statutory construction which may be applied in the instant matter point independently to the conclusion that, and taken as a whole require conclusively that, the phrase "dependent upon such person" in I.C. 27–1–12–14(e) modifies solely the antecedent object "any relative", and does not restrict the other two classes of benefi-

---

**2.** As any judge will tell you, whether it is an enshrined principle of statutory construction or not, a cardinal rule of statutory construction for a judge is that statutes are to be construed in a manner which does not poten-

tially create a plethora of litigation concerning refinement of the legal meaning of a statute and/or the application of the statute to particular sets of facts.

ciaries stated in that statute, i.e., a spouse or a child. The Court determines that the phrase "dependent upon such person" in I.C. 27–1–12–14(e) *does not* refer back to either the word "spouse" or the word "child" in that statute, and thus that a spouse or child need not be "dependent" upon the insured of a life insurance policy in order to be within the provisions of the exemption provided by that statute.

IT IS ORDERED that the Trustee's objection to Wandrey's claimed exemption under I.C. 27–1–12–14(e) with respect to the life insurance policy identified in paragraph 9 of Schedule B of her schedules is denied, and that as a result, that life insurance policy is exempt pursuant to that statute from any claims of creditors of the debtor in this case, including any claim of the Trustee that said policy or any of its incidents may be administered in any manner as property of the debtor's bankruptcy estate.