**Stephen W. ROBERTSON, Commissioner of the Indiana Department of Insurance and Administrator of the Patient's Compensation Fund, Plaintiff,**

v.

**The MEDICAL ASSURANCE COMPANY, INC. n/k/a Proassurance Indemnity Company, Inc., Defendant.**

No. 94S00–1406–CQ–378.

Supreme Court of Indiana.

June 30, 2014.

*PUBLISHED ORDER ACCEPTING CERTIFIED QUESTION*

The District Court for the Northern District of Indiana has certified a question of Indiana state law for this Court's consideration. The question arises in *Robertson v. Medical Assurance Co., Inc. n/k/a Proassurance Indemnity Co., Inc.,* Case No. 2:13–CV–107 JD (N.D.Ind.). The question is as follows:

> Does Indiana law allow the Patient's Compensation Fund to pursue a claim against an insurer for the insurer's breach of its duty of good faith to its insured, through the doctrine of equitable subrogation?

The certified question, which each member of this Court has considered, is hereby ACCEPTED.

The Court further directs as follows:

a) There shall be simultaneous briefing of this matter. There shall be no responsive briefing thereafter. The Plaintiff's brief shall be bound with a blue cover; the Defendant's brief with a red cover. The briefs shall, to the extent reasonably practicable, conform to the provisions of Appellate Rules 43, 44, and 46, except that they may not exceed the greater of **twenty (20) pages or 9,000 words,** and any brief exceeding twenty (20) pages shall conform to the word count and certification requirements found in Appellate Rules 46(C), 46(E) and 46(F). The two briefs, and the appendix (see below), must be filed by **Monday, July 28, 2014.**

b) If the parties believe there are documents from the bankruptcy case necessary or helpful for deciding the certified question, then the parties shall file an appendix containing copies of those documents and also including, if applicable, the items listed in Appellate Rule 50. It is anticipated that the parties will confer and agree on the materials to be included in an appendix, if one is filed. The parties should avoid unnecessary inclusion in

the appendix of memorandums of law or briefs filed in the district court, since all necessary legal arguments should be presented to this Court in the briefs described in the preceding paragraph. The cover of the appendix shall be blue and labeled "Plaintiff's Appendix." The original and eight (8) copies of each brief, the original appendix, and any other filings in this matter shall be filed with the Clerk of the Indiana Supreme Court.

c) In addition to the service requirements contained in Appellate Rule 24, the parties shall also serve each other, no later than the date the document is filed, via electronic mail.

d) The parties shall file appearance forms within twenty (20) days of this order or contemporaneously with the first document filed by the appearing party, whichever comes first, as required by Appellate Rule 16(C). The appearance forms shall include electronic mail addresses for each attorney appearing in this case. These e-mail addresses shall be used in this case for transmission of all orders, opinions, and notices from the Clerk of this Court. *See* Ind. Appellate Rule 26.

e) Extensions of time will be granted only in **truly extraordinary circumstances** and any motion seeking an extension of time must be made jointly by the parties.

f) An order scheduling oral argument in this matter shall be issued at a later date.

g) No later than two (2) weeks after the conclusion of this matter before this Court, the parties shall supply, in ".pdf" format via CD–Rom, file-stamped copies of all documents filed in this case, including the orders and opinions issued by this Court, to the Clerk of the United States District of Court for the Northern District of Indiana.

The Clerk is directed to send a copy of this order to the Hon. Jon E. DeGuilio, Judge of the United States District Court for the Northern District of Indiana; to the Hon. Robert N. Trgovich, Clerk of the U.S. District Court for the Northern District of Indiana; to all counsel listed on the U.S. District Court Civil Docket Sheet submitted in this matter by the District Court; and to the Supreme Court Administration Office. The Clerk is also directed to post this order to the Court's website, and Thomson Reuters is directed to publish this order in the bound volumes this Court's decisions.