TRUSTEE, PRO SE
Rebecca H. Fischer
Laderer & Fischer, P.C.
South Bend, IN

ATTORNEY FOR DEBTOR
Christopher Schimke
Glaser & Ebbs
Warsaw, IN

_____

# In the
# Indiana Supreme Court

_____

No. 94S00-1405-CQ-321

IN THE MATTER OF DENNIS ALAN HOWELL,

*Debtor*.

FILED

Mar 20 2015, 11:25 am

CLERK
of the supreme court,
court of appeals and
tax court

_____

Certified Question from the United States Bankruptcy Court for the Northern District of Indiana
No. 14-30094 HCD
The Honorable Harry C. Dees, Jr., Judge

_____

**March 20, 2015**

**Rush, Chief Justice.**

Indiana law exempts life insurance policies from debtors' bankruptcy estates when the named beneficiary is "the spouse, children, or any relative dependent upon" the debtor. That language undisputedly requires that relatives *other than* spouses and children must be dependent on the debtor for the exemption to apply, but whether that requirement also applies to *spouses and children* is less clear. We accepted a certified question asking us to construe whether the "dependent upon" phrase modifies only "any relative," or also "spouse" and "children." The statutory language and structure standing alone are inconclusive, but all of the relevant interpretive canons indicate that we should construe "dependent upon" to modify only "any relative." Accordingly, spouses and children need not be the debtor's dependents for the exemption to apply.

**Background**

Dennis Howell filed for Chapter 7 bankruptcy protection in the Northern District of Indiana Bankruptcy Court. He listed an Adjustable Complife Insurance Policy with Northwestern Mutual

("the Policy") as an asset on his bankruptcy schedules. Debtor claimed the Policy's entire cash surrender value of $14,692.88 as exempt property because his son is the beneficiary, but Bankruptcy Trustee Rebecca Fischer objected because Debtor's son is an adult and not "dependent upon" him. Both parties relied on the same phrase in Indiana Code section 27-1-12-14(e) (2012):

> [A]ll policies of life insurance upon the life of any person, which name as beneficiary . . . *the spouse, children, or any relative dependent upon such person*, or any creditor, shall be held . . . for the benefit of such spouse, children, other relative or creditor, free and clear from all claims of the creditors of such insured person or of the person's spouse; and the proceeds or avails of all such life insurance shall be exempt from all liabilities from any debt or debts of such insured person or of the person's spouse.

(Emphasis added).

The parties' arguments reflected opposing views of which beneficiaries the phrase "dependent upon such person" modifies. In Debtor's view, that provision modifies only "any relative"—so that the three categories of beneficiaries are a debtor's "spouse," the debtor's "children," and "any relative dependent upon" the debtor. By contrast, the Trustee says "dependent" modifies all three categories, so that any beneficiary—"spouses," "children," and "any relative" alike—must be the debtor's dependent for the exemption to apply.

Bankruptcy Courts in the Northern and Southern Districts of Indiana have issued conflicting opinions about the proper interpretation of the statute. Compare In re Vaiano, No. 09-2703-FJO-7 (Bankr. S.D. Ind. Sept. 3, 2010) (interpreting dependency to be required for all types of beneficiaries) with In re Spears, No. 13-11972, 2014 WL 295172 (Bankr. N.D. Ind. Jan. 9, 2014) (holding that dependency unambiguously applies only to "any relative") and In re Wandrey, 334 B.R. 427 (Bankr. N.D. Ind. 2005) (holding statute ambiguous, but construing dependency as applying only to "any relative"). Therefore, the Bankruptcy Court for the Northern District of Indiana certified[1] the following question:

---

[1] Indiana Appellate Rule 64 contemplates certified questions from "[t]he United States Supreme Court, any federal circuit court of appeals, or any federal district court," but does not expressly include bankruptcy courts. We nevertheless exercised our discretion under Rule 1 to deviate from Rule 64 and accept the question. In re Howell, 9 N.E.3d 145 (Ind. 2014).

Under Indiana Code [section] 27-1-12-14(e), does the phrase "dependent upon such person" modify only "any relative," or does the phrase modify "spouse," "children," and "any relative"?

We conclude that "dependent upon such person" modifies only "any relative."

## Standard of Review

The Bankruptcy Court's question presents a pure question of statutory interpretation. "Questions of statutory interpretation are questions of law and are reviewed de novo." In re Carroll Cnty. 2013 Tax Sale, 21 N.E.3d 832, 834 (Ind. 2014).

## Discussion and Decision

Even though bankruptcy is generally a federal matter, see U.S. Const. art. I, § 8, cl. 4, federal bankruptcy statutes permit individual States to enact their own exemptions, see 11 U.S.C. § 522(b)(2), (3)(A) (2012). Indiana has done so, codifying the life-insurance exemption statute at issue here. I.C. § 27-1-12-14(e). Indiana Constitution article 1, section 22 requires that "[t]he privilege of the debtor to enjoy the necessary comforts of life, shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale, for the payment of any debt or liability," and Indiana's exemption statutes are enacted to carry out that mandate. In re Zumbrun, 626 N.E.2d 452, 454–55 (Ind. 1993); Pomeroy v. Beach, 149 Ind. 511, 515, 49 N.E. 370, 372 (1898); Green v. Aker, 11 Ind. 223, 224–25 (1858). To that constitutional end, we have long recognized that exemption statutes "should be liberally construed" in favor of the debtor. Zumbrun, 626 N.E.2d at 455 (quoting Pomeroy, 149 Ind. at 515, 49 N.E. at 372 and citing Union Nat'l Bank of Muncie v. Finley, 180 Ind. 470, 103 N.E. 110 (1913)).

## I.  Statutory Interpretation

We begin from the principle that "[c]lear and unambiguous statutes leave no room for judicial construction, but when a statute is susceptible to more than one interpretation, it is deemed ambiguous and is thus open to judicial construction." Ballard v. Lewis, 8 N.E.3d 190, 194 (Ind. 2014) (per curiam) (citing Thatcher v. City of Kokomo, 962 N.E.2d 1224, 1227 (Ind. 2012)). Differing judicial opinions about the meaning of a provision are not conclusive of ambiguity, but they are evidence that an ambiguity may exist. Allgood v. Meridian Sec. Ins. Co., 836 N.E.2d 243, 248 (Ind. 2005) (finding contractual provision unambiguous despite disagreement between jurisdictions). As

stated above, Indiana bankruptcy decisions—Spears, Vaiano, and Wandrey—indicate not only opposing interpretations of the statute, but even disagreement about whether it is ambiguous in the first place.

In this case, those conflicting opinions persuade us that the statute is ambiguous and requires construction—but settled canons of construction conclusively resolve the ambiguity. Our General Assembly, like Congress, "presumabl[y] . . . legislates with knowledge of our basic rules of statutory construction," McNary v. Haitian Refugee Ctr., Inc., 498 U.S. 479, 496 (1991). And that presumption holds true here, since every relevant canon points in Debtor's favor.

First and most compelling in this case, we "generally presume that all statutory language is used intentionally," so that "[e]ach word should be given effect and meaning where possible," AlliedSignal, Inc. v. Ott, 785 N.E.2d 1068, 1079 (Ind. 2003) (internal quotation marks omitted), and not treated as "mere surplusage," Martin v. Martin, 495 N.E.2d 523, 524–25 (Ind. 1986). And here, a "spouse" or "child" is always a "relative" of the debtor—so if they, too, were meant to be "dependent upon" the debtor, there would be no need to identify them separately in the statute because they are already subsumed by the general term "any relative." In other words, if a spouse or child needed to be a dependent for the exemption to apply, the general phrase "any relative dependent upon" would suffice to encompass those scenarios; the specific terms "spouse" or "child" would simply be unnecessary. Avoiding surplusage therefore strongly favors Debtor's view.

Second, this Court has a long-established rule of construing exemption statutes liberally in favor of the debtor. Zumbrun, 626 N.E.2d at 455. And here, limiting "dependent upon" to "any relative," and not spouses or children, is more favorable to the debtor because it makes the exemption more broadly available. This canon, too, strongly favors Debtor's view.

And a third canon points in the same direction. The "last antecedent rule" is a textual principle stating "that where one phrase of a statute modifies another, the modifying phrase applies only to the phrase immediately preceding it," unless there is a comma between the modifier and the preceding phrase. Wandrey, 334 B.R. at 430–31 (quoting O'Kane v. Apfel, 224 F.3d 686, 690 (7th Cir. 2000) and 73 Am. Jur. 2d Statutes §§ 137–39 (2005)). See also City of Ft. Wayne v. Consol. Elec. Distribs., Inc., 998 N.E.2d 733, 737 (Ind. Ct. App. 2013) (quoting FLM, LLC v. Cincinnati Ins. Co., 973 N.E.2d 1167, 1176 (Ind. Ct. App. 2012) ("the descriptive words in a phrase should, in the

absence of punctuation, be referred to their nearest antecedent"), <u>trans. denied</u>. Under that rule, the absence of a comma between "spouse, child, or any relative" and "dependent upon such person" means that the dependency language modifies only "any relative" instead of the entire phrase. As the Bankruptcy Court recognized in <u>Wandrey</u>, this rule is not a "clearly defined term[] of proper grammar" and is therefore of "limited utility." 334 B.R. at 430 n.1, 432. But its weight, "limited" or not, nevertheless favors Debtor.

Not only do those textual canons readily resolve any ambiguity in Debtor's favor, limiting the dependency requirement to "any relative" reflects the likeliest legislative intent. Given the structure of the sentence, the "dependent upon" requirement must either apply to all three beneficiaries—spouses, children, and any other relatives—or else apply to only "any relative." As to a "child," either view is plausible, since a "child" may be either "[a]n unemancipated person under the age of majority" and thus dependent, or simply "[a] son or daughter" regardless of age or dependency. <u>Black's Law Dictionary</u> 290 (10th ed. 2014). But a "spouse," by contrast, is simply "[o]ne's husband or wife by lawful marriage," <u>id.</u> at 1621, without regard to dependency. So if the General Assembly nevertheless meant to require that spouses be dependent for the exemption to apply, we believe it would have spoken much more clearly.[2] And in turn, if the requirement does not apply to spouses, it also cannot apply to children as the statute is written. Even apart from the statutory text, then, we would find Debtor's view more plausible.

We do not mean to suggest that the opposing view, as expressed in the unpublished <u>Vaiano</u> decision referenced above, is implausible. But <u>Vaiano</u>'s only textual analysis was to state that "[t]he trend of Indiana Courts has been to apply a narrower view of exemptions," <u>Vaiano</u>, at *3—relying instead on a policy concern that permitting the exemption for non-dependent spouses and children would protect more than needed to meet a debtor's "reasonable necessities" or the dependents' "reasonable essentials." <u>Id.</u> at *4. But a "narrower view of exemptions" is inconsistent with

---

[2] As a counter-example, Illinois exempts the cash value of life-insurance policies "payable to a wife or husband of the insured, *or to a child, parent, or other person dependent upon the insured.*" 735 Ill. Comp. Stat. Ann. 5/12-1001(f) (emphasis added). There, the structure of the statute unambiguously breaks into two separate series—placing "a wife or husband" in its own category, and placing children and parents "in the same class as 'other person dependent upon the insured.'" <u>In re Schriar</u>, 284 F.2d 471, 474 (7th Cir. 1960) (interpreting identical predecessor statute). In that grammatical structure, the "dependent upon" language "modif[ies] child and parent, as well as 'other person.'" <u>Id.</u> That two-part structure distinguishes the Illinois statute from ours, and thus makes the Trustee's reliance on <u>Schriar</u> misplaced.

Zumbrun. 626 N.E.2d at 455. And when the statutory terms—or at least textual canons—are dispositive, "considerations of policy divorced from the statute's text and purpose [can] not override its meaning." United States v. Tohono O'Odham Nation, __ U.S. __, __, 131 S. Ct. 1723, 1731 (2011). Those policy considerations may become relevant in particular cases, as we discuss below, but they do not change our reading of the statute in general.

The answer to the certified question, then, is that Indiana Code section 27-1-12-14(e)'s phrase "dependent upon such person" modifies only "any relative." That is, a debtor's spouse or children need not be dependents for the exemption to apply.

## II. Constitutional Claim

The Trustee further argues that regardless of what the statutory language might otherwise suggest, exempting life insurance in favor of non-dependent spouses and children would violate Article 1, Section 22 by creating an "unlimited exemption." This argument relies on Zumbrun, which held, 3–2, that Section 22 "commands the legislature to enact exemptions," but also requires them to be "define[d] . . . in reasonably tangible ways so as to balance the interests of lenders and creditors"—so that "statutes which create unlimited exemptions are inconsistent with the directive of Section 22 and the balanced policy underlying it." 626 N.E.2d at 455. Based on those principles, the Trustee hypothesizes a debtor who gradually accumulates $1,000,000 in cash-value life insurance naming a wealthy adult child as beneficiary, then later becomes insolvent and obtains a bankruptcy discharge, but immediately thereafter cashes in the policy and uses the proceeds for personal benefit. Trustee's Br. at 16–17.

But our existing constitutional caselaw is sufficient to address such situations on an as-applied basis, without overriding the statutory text. We have already recognized that "strict Zumbrun analysis" made a prior version of this life-insurance exemption "constitutionally suspect," because the statute contained no express upper limit. Citizens Nat'l Bank of Evansville v. Foster, 668 N.E.2d 1236, 1242 (Ind. 1996). But we also recognized that Zumbrun's "bright-line rule . . . is not consistent with our preference for reviewing the constitutional validity of statutes as they are applied to particular parties in a case before us." Id. We therefore concluded instead that Article 1, Section 22 violations must be determined *as applied* on a case-by-case basis:

> [A] minor amount of cash value (like the $3600 in Zumbrun) built
> up over time in a life insurance policy cannot be said to violate

6

> Section 22 as "never being capable of constitutional application." By contrast, substantial sums closeted in anticipation of bankruptcy do not fit with the "necessary comforts of life" purpose of the Indiana Constitution . . . .

Id. Ultimately, then, "courts must delve into [the] admittedly murkier waters of reasonable necessity" under the particulars of each case as it arises. Id.

The Trustee's hypothetical falls between Foster's two extremes—cash value amassed over time and not "closeted in anticipation of bankruptcy," but certainly more than a "minor amount" and almost certainly exceeding the "necessary comforts of life." But the facts here are much closer to Zumbrun's end of the spectrum—the cash value at stake is greater, but hardly inconsistent with the "necessary comforts of life," and the Trustee has not claimed that the cash value was "closeted in anticipation of bankruptcy." Foster entrusts bankruptcy courts with assessing "reasonable necessity" case by case under Section 22—and as the Trustee discussed at oral argument, the meeting of creditors, see 11 U.S.C. § 341, provides an early opportunity to identify such cases so that the Trustee may raise the question for the bankruptcy court's review. We therefore need not deviate from the statute's actual language to avoid a hypothetical problem.

### Conclusion

We conclude that under Indiana Code section 27-1-12-14(e), the statutory phrase "dependent upon such person" does not modify "spouse" or "children," but only "any relative" named as beneficiary of a life-insurance policy. Any potential as-applied constitutional problems arising from that statutory directive may be addressed case by case, as Foster contemplates.

Dickson, Rucker, David, and Massa, JJ., concur.