**IN RE: Ronald Markt NAY, Sherry L. Nay, Debtors.**

**Mainsource Bank, Plaintiff,**

v.

**Leaf Capital Funding, LLC, Defendant.**

**Bankruptcy Case No. 16–90762–BHL–11 Adv. No. 16–59032**

United States Bankruptcy Court, S.D. Indiana, New Albany Division.

January 23, 2017

Jacob V. Bradley, Quarles & Brady LLP, Indianapolis, IN, Jeffrey M. Monberg, Quarles & Brady LLP, Chicago, IL, for Defendant.

Bradley Scott Salyer, Morgan & Pottinger, P.S.C., for Plaintiff.

## ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS

Basil H. Lorch III, United States Bankruptcy Judge

This matter comes before the Court on the Motion for Judgment on the Pleadings filed by the Plaintiff, MainSource Bank ("MainSource") on October 27, 2016 [Docket No. 12] and the Defendant's opposition thereto. Supplemental briefs were filed by both parties on November 14, 2016. MainSource seeks a determination of the validity, priority, or extent of the competing lien interests between itself and LEAF Capital Funding, LLC ("LEAF"). MainSource has moved for a ruling under Fed.R.Civ.P. 12(c) based upon a single determinative

matter of law, that is, whether LEAF's inadvertent omission of the letter "t" from the Debtor's middle name invalidates LEAF's UCC Financing Statements. For the reasons set forth hereinbelow, the Court finds that it does.

### Undisputed Facts

The Debtors are indebted to Main-Source pursuant to various debt instruments, including, but not limited to, a certain Promissory Note, dated May 5, 2015, in the original principal amount of $1,200,000.00 (the "Note"). The amount outstanding on the Note, including accrued interest and fees as of the Petition Date was $1,218,453.50. To secure repayment of the Note, among other collateral, the Debtors executed and delivered Agricultural Security Agreements, dated July 23, 2014, and May 11, 2015, whereby the Debtors granted to MainSource a security interest in personal property owned by the Debtors, including, but not limited to, all present or future inventory, chattel paper, accounts, equipment, general intangibles, crops, farm products, livestock, farm equipment and instruments and all proceeds, profits, replacements and substitutions related thereto (the "Security Agreements"). The security interests granted to MainSource by virtue of the Security Agreements were properly perfected by the filing of a financing statement with the Indiana Secretary of State, as Filing Number 201400000945368, on February 4, 2014.

On or about December 17, 2015, LEAF made a loan to Debtor, Ronald Markt Nay ("Nay") to finance the purchase of a Terex TA400 Dump Wagon (the "TA400"), evidenced by a Finance Agreement of that same date in the original principal amount of $41,000.00. LEAF claims that it has a first priority security interest in the TA400 by virtue of the filing of a financing statement the Indiana Secretary of State, as Filing Number 201500009761152, and filed on December 21, 2015. LEAF also made a loan to Nay to finance the purchase of a Terex 3066C Dump Wagon (the "3066C"), evidenced by a Finance Agreement dated December 10, 2015, in the original principal amount of $36,950.00. LEAF claims that it holds a first priority security interest in the 3066C by virtue of the filing of a financing statement with the Indiana Secretary of State, as Filing Number 201500009472787 (together with the aforesaid financing statement, the "LEAF UCCs"), and filed on December 10, 2015. The TA400 and the 3066C constitute "equipment" as that term is defined under applicable Indiana law. IC 26–1–9.1–102(a)(33). The LEAF UCCs each identify the Debtor's name as "Ronald Mark Nay" while the Debtor's actual name listed on his most recently issued unexpired Indiana driver's license, is "Ronald Markt Nay".

Nay and his wife, Sherry L. Nay, commenced a chapter 11 bankruptcy case in this court on May 13, 2016. On September 21, 2016, MainSource initiated this adversary proceeding alleging causes of action against LEAF for declaratory judgment and as an objection to LEAF's proof of claim. The Complaint seeks a declaration that MainSource has a first priority security interest in the TA400 and the 3066C and further requests that the Court sustain MainSource's objection to LEAF's proof of claim.

### Discussion

When a motion for judgment on the pleadings is asserted in an attempt to dispose of a case based upon the underlying substantive merits, the appropriate standard is that which is applicable to summary judgment, except that the court may consider only the contents of the pleadings. *See, Alexander v. City of Chicago*, 994 F.2d 333 (7th Cir. 1993). As such, the Court "must view as true the non-movant's allegations of fact, although it is

not bound by the non-movant's legal conclusions." *McMahan v. Cornelius,* 756 F.Supp. 1156, 1157 (S.D.Ind. 1991). In order to prevail on its Motion, therefore, MainSource must establish that there are no material issues of fact to be resolved and that it is entitled to judgment as a matter of law. *See, e.g., Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449 (7th Cir. 1998); and see 5C Fed. Prac. & Proc. Civ. § 1369 (3d ed.) (noting that the standard courts apply for summary judgment and for judgment on the pleadings "appears to be identical").

■ In considering whether the LEAF UCCs are valid as a matter of law, the Court turns to the following pertinent language of Indiana Code § 26-1-9.1-506 regarding the effect of errors or omissions on the validity of financing statements:

(a) A financing statement substantially satisfying the requirements of IC 26-1-9.1-501 through IC 26-1-9.1-527 is effective, even if it has minor errors or omissions, unless the errors or omissions make the financing statement seriously misleading.

(b) Except as otherwise provided in subsection (c), a financing statement that fails sufficiently to provide the name of the debtor in accordance with IC 26-1-9.1-503(a) is seriously misleading.

(c) If a search of the records of the filing office under the debtor's correct name, using the filing office's standard search logic, if any, would disclose a financing statement that fails to sufficiently provide the name of the debtor in accordance with IC 26-1-9.1-503(a), the name provided does not make the financing statement seriously misleading.

Admittedly, LEAF's financing statement contained a minor error in the misspelling of the Debtor's name. Whether that defect makes the filing "seriously misleading" is dependent upon section 503(a). In 2010, the language of IC 26-1-9.1-503 was extensively modified. The statute as amended, effective July 1, 2013, now provides that if the debtor is an individual to whom a driver's license has been issued, a financing statement sufficiently provides the name of the debtor *only if* it "provides the name of the individual which is indicated on the driver's license" (emphasis added). Prior to the 2010 Amendment, the statute required only the individual name of the debtor.

Based upon the plain language of the amended statutory language, it would appear that LEAF's financing statement containing the Debtor's misspelled name is insufficient or "seriously misleading" in that it does not provide the name of the Debtor as indicated on his Indiana driver's license. The financing statement is fatally defected unless LEAF can establish, under the safe harbor provision of 26-1-9.1-506(c), that its financing statement was otherwise discoverable by searching under the Debtor's correct name using the standard search logic promulgated by the Indiana Secretary of State.

Standard search logic is that logic used by a filing office to determine which filings will appear on an official UCC search. Model Administrative Rules were developed by the International Association of Commercial Administrators (IACA) in an effort to set the framework for state filing offices and those rules have been adopted in large part by the Indiana Secretary of State. The Indiana Secretary of State's "standard search logic" is found in Administrative Rule 503. That rule begins with a notation that "[s]earch results are created by applying standardized search logic to the name presented to the filing officer by the person requesting the search" and goes on to set out the parameters utilized

by the search engine in gathering search results for the particular name presented in the query. The standard search logic in Rule 503 establishes how words or things such as punctuation, spaces, initials, case of letters, and similar details are interpreted in generating a report. As regards the "correct name" to be searched, however, Rule 503 provides no authority.

Nay suggests that Administrative Rule 501.1 addresses that question. It provides that:

A search request must set forth the full correct name of a debtor or the name variant desired to be searched and must specify whether the debtor is an individual or an organization. The full name of an individual shall consist of a first name or initial, a middle name or initial, and a last name. A search request may be submitted with no middle name or initial. If only a single name is presented (e.g. "Cher") it will be treated as a last name and will return only names having the same last name which have no first name and no middle initial. A search request will be processed using the name in the exact form it is submitted.

MainSource responds that the "full correct name" is not necessarily the "correct name" but, more importantly, whether the "full correct name" or some alternate name is *permissible* in conducting a search, MainSource contends that it is not *required* because the statute itself provides that the "correct name" of the Debtor is the name set out on his Indiana driver's license. The Court is inclined to agree. Should the Court adopt Nay's reasoning, it would seem to contravene the language and the intent behind the statutory amendment.

▉ To the extent a Court is called upon to interpret the language of a statute, it must begin "with the plain language of the statute, giving its words their ordinary

meaning and considering the structure of the statute as a whole." *West v. Office of Ind. Sec. of State*, 54 N.E.3d 349, 353 (Ind. 2016). Furthermore, the Court must "generally presume that all statutory language is used intentionally, so that each word should be given effect and meaning where possible, and not treated as mere surplusage." *In re Howell*, 27 N.E.3d 723, 726 (Ind. 2015) (internal cites and quotes omitted).

In this case, considering the plain language of the statute, given its ordinary meaning, and reading section 503 together with section 506, it seems clear that the "only" correct name of the Debtor under section 503 is the name on his Indiana driver's license, Ronald Markt Nay. Section 506 provides relief to LEAF only inasmuch as a search of the debtor's "correct" name (as established by section 503), using standardized search logic, would reveal its financing statement. It does not.

Official Comment to 26–1–9.1–503 lends credence to the Court's conclusions. It notes quite simply that "[s]ubsection (a) explains what the debtor's name is for purposes of a financing statement." Uniform Commercial Code Comment 2 to Section 506 goes on to provide:

... For purposes of subsection (c), any name that satisfies Section 9–503(a) at the time of the search is a "correct name."

This section and Section 9–503 balance the interests of filers and searchers. Searchers are not expected to ascertain nicknames, trade names, and the like by which the debtor may be known and then search under each of them. Rather, it is the secured party's responsibility to provide the name of the debtor sufficiently in a filed financing statement. Subsection (c) sets forth the only situation in which a financing statement that fails sufficiently to provide the name of

the debtor is not seriously misleading. As stated in subsection (b), if the name of the debtor provided on a financing statement is insufficient and subsection (c) is not satisfied, the financing statement is seriously misleading. Such a financing statement is ineffective even if the debtor is known in some contexts by the name provided on the financing statement and even if searchers know or have reason to know that the name provided on the financing statement refers to the debtor. Any suggestion to the contrary in a judicial opinion is incorrect.

While the result in this case seems harsh, the Court is constrained to interpret the statute in a manner consistent with legislative intent, which is "to simplify formal requisites and filing requirements. It is designed to discourage the fanatical and impossibly refined reading of statutory requirements in which courts occasionally have indulged themselves." *See,* Official Comment 2 to I.C. 26–1–9.1–506.

Based upon all of the foregoing, the Court hereby finds that MainSource is entitled to Judgment as a matter of law and a separate Judgment shall issue forthwith. The Motion for Judgment on the Pleadings is, accordingly, GRANTED. The Court, having found that the security interests of LEAF Capital Funding, LLC are unperfected, does now SUSTAIN the Objection to LEAF"s Proof of Claim.

**IT IS SO ORDERED.**